## SOUTHERN RY. CO. *v.* THOMPSON.

### (*Knoxville.*    September Term, 1902.)

1. **ACTION.** In forma pauperis. **Plaintiff removing from State loses benefit of.**

   The right to prosecute an action *in forma pauperis* is confined to citizens or residents of this State and when one so suing removes from the State, pending suit, he will, upon proper motion, be required to execute a bond for costs, failing in which his suit will be dismissed.  (*Post, pp.* 344-345.)

   Act construed:   Act of 1901, ch. 126.

2. **COURT.** Refusal by, to require bond—**Harmless error, when.**

   Where a resident plaintiff was prosecuting an action *in forma pauperis* and removed from the State, pending suit the action of the court denying defendant's motion to require a bond to be given by plaintiff was harmless error, when, upon the trial, defendant was defeated on the merits, thus becoming liable for all the costs.  (*Post, p.,* 345.)

---

### FROM BRADLEY.

---

Appeal in error from the Circuit Court of Bradley county.   JAMES G. PARKS, Judge.

MAYFIELD & SON, for Railway Co.

JOHN C. RAMSEY, for Thompson.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought by the defendant in error against the plaintiff in error to recover damages for a personal injury alleged to have been inflicted upon him by the negligence of the latter's agents while the former was upon the train of the latter as a passenger. The jury, under a proper charge, rendered a verdict against the plaintiff in error, and judgment was entered thereon, and the railway company has appealed and assigned errors. We find no error in the action of the court below upon this matter. The controversies arising upon this portion of the case present nothing new or worthy of preservation, and have been already disposed of in an oral opinion.

There is one question, however, which was presented in the court below, and is again presented here, which involves the construction of a recent statute, and requires that the court's determination thereof should be preserved in a written opinion.

The act referred to is chapter 126, Acts 1901. The first section reads as follows: "Be it enacted," etc., "that section 3192 of the Code of Tennessee (1858), Shannon's compilation, sec. 4928, be so amended as to read, at the end of said section, as follows: 'Provided that the provisions of this act shall not inure to the benefit of any person who is not a citizen or resident of the State of Tennessee.'" The second and last section provides that the act shall take effect from and after its passage. The act was passed April 3, 1901, and approved by the governor the next day.

The section of the Code, referred to and amended, allows the prosecution of suits upon the pauper oath. At the time the present suit was brought the defendant in error was a resident of this State, but pending the suit he removed to the State of Georgia. Thereupon the plaintiff in error moved the court to require of the defendant in error a bond for costs. The motion was denied, and this action of the circuit judge is assigned as error.

The question for determination is whether the amending act applies to pending suits. The court is of the opinion that it does so apply, and that the circuit judge was in error in denying the motion. The error, however, was innocuous, and hence not ground for reversal, inasmuch as upon the trial in the court below the plaintiff in error was cast in the suit upon the merits of the controversy, and became liable for all the costs, and judgment therefor was accordingly correctly entered. This being true, the plaintiff in error was not injured by the refusal of the circuit judge to require the defendant in error to give a bond for the costs.