## LANDRESS COMPANY, v. MRS. ALICE O'NEIL SILVA.

Western Section.    November 25, 1927.

Petition for Certiorari denied by Supreme Court, March 3, 1928.

1. **Costs. Plaintiff leaving state while cause is pending not entitled to prosecute suit under the pauper's oath.**
    The statute permitting a plaintiff to prosecute a suit under the pauper's oath is for the benefit of residents of this state only and if a party becomes a non-resident after having instituted suit he may be required to give bond for costs.

2. **Appeal and error. Failure of court to require plaintiff to give costs is cured where plaintiff is successful.**
    In an action where the plaintiff after instituting his cause removed from the state, the defendant's motion to require him to give costs was overruled by the court, held that this did not constitute reversible error where the plaintiff had been successful.

3. **Appeal and error. No assignment of error can be considered on appeal that was not made a ground in the motion for new trial.**
    Before an assignment of error can be considered by the appellate court it must appear that the assignment was made a ground in the motion for a new trial.

Appeal in Error from Circuit Court, Shelby County; Hon. H. W. Laughlin, Judge.

Affirmed.

Jessie Edgington, of Memphis, for plaintiff in error.

Friedman & Wilson, of Memphis, for defendant in error.

SENTER, J.    The defendant in error sued plaintiff in error in a Justice of the Peace Court in Shelby county, Tennessee, for the value of a velvet coat and a fur, alleged to have been left with the

plaintiff in error to be delivered to her at her address in Memphis, and which articles were never delivered to her. The suit resulted in a judgment in favor of defendant in the Justice of the Peace Court, and was appealed to the circuit court of Shelby county, Tennessee, and the case was there tried by the Circuit Judge without the intervention of a jury, resulting in a judgment in favor of plaintiff below for the value of the articles. A motion for a new trial was made by the defendant below, which motion was overruled by the court. From the action of the court in overruling the motion for a new trial, and in rendering judgment in favor of plaintiff below for the value of the articles and the cost of the case, the defendant below prayed and was granted an appeal to this court and has assigned errors.

For convenience the parties will be hereinafter referred to as in their original status as plaintiff and defendant.

The plaintiff, who was then living in Memphis and occupying an apartment in the Cherokee Arms Apartment Building, entered the store of the defendant and purchased a coat, and desiring to wear the newly purchased coat, she left the velvet coat and biege fox fur with the saleslady who waited on her, with instructions that the same be delivered to her at the address given. It seems that the package was turned over to the Sloan Messenger Company, a concern in Memphis that made deliveries of packages for merchants, with instructions as to the delivery of the package. The Sloan Messenger Company, acting for the defendant, delivered the package to the apartment house, turning the same over to the janitor with instructions that it be delivered to Mrs. Silvia. The janitor claimed that the package was stolen before he delivered it to the apartment of plaintiff. There is considerable evidence in the record to the effect that packages to be delivered to occupants of apartment houses are delivered to the janitor or elevator operator at the apartment house, and that personal deliveries are not made to the individuals. However, the plaintiff testified that that was not the custom at the apartment house in which she lived, and she further testified that at the time she left the articles of apparel with the saleslady at the store of the defendant, she gave instructions that the package should be delivered to her personally at the address which she gave.

The suit was brought in forma pauperis. Before the case was finally tried in the circuit court, the plaintiff moved to Birmingham, Alabama, and was residing in Birmingham, Alabama, at the time the case was tried. When the case was called for trial the attorney for the defendant moved that the case be dismissed because no cost bond had been executed, and because the plaintiff was then a nonresident of the State and not entitled to maintain the suit on the pauper's oath. The statement was made by the attorney for the defendant that he had

just learned of the fact of the nonresidence of the plaintiff. The trial judge overruled the motion on the ground that the motion came too late. This action of the court is made the basis of the first assignment of error.

This question was before the Supreme Court in the case of Southern Ry. Co. v. Thompson, 109 Tenn., 343, and the court in that case construed chapter 126 of the Acts of 1901, which was an amendatory act to section 4928 of Shannons Compilation. The court said:

"The section of the Code, referred to and amended, allows the prosecution of suits upon the pauper oath. At the time the present suit was brought the defendant in error was a resident of this State, but pending the suit he removed to the State of Georgia. Thereupon the plaintiff in error moved the court to require of the defendant in error a bond for costs. The motion was denied, and this action of the Circuit Judge is assigned as error.

"The question for determination is, whether the amending act applies to pending suits. The court is of the opinion that it does so apply and that the Circuit Judge was in error in denying the motion. The order, however, was innocuous, and hence not grounds for reversal, in as much as upon the trial in the court below the plaintiff in error was cast in the suit upon the merits of the controversy, and became liable for all the costs, and judgment therefor was accordingly correctly entered. This being true, the plaintiff in error was not injured by the refusal of the Circuit Judge to require of the defendant in error to give a bond for the costs."

We are of the opinion that the holding of the Supreme Court as above quoted is conclusive against the contention of the defendant on this question, and the first assignment of error is accordingly overruled.

The second assignment of error is in the following words:

"The judgment of the court was contrary to the law and the evidence in this case."

When the case was being argued at the bar of this court appellant moved to be permitted to amend the second assignment of error, so as to add, "That there was no evidence to support the judgment."

Objection was made by counsel for appellee on the ground that the motion to amend constituted a new assignment of error, and that it was contrary to the rules of this court.

The motion for a new trial did not assign that there was no evidence to support the judgment. The second ground in the motion for a new trial is as follows: "The judgment of the court was contrary to the law and the evidence in this case." It will thus be

seen that it was not assigned as a ground for a new trial that there was no evidence to support the judgment.

Without passing upon the question that the proposed amendment does not come within the rule of this court, suffice it to say that no assignment of error can be considered in this court that was not made a ground in the motion for a new trial. However; there was evidence in the record that the plaintiff gave specific instructions that the package should be delivered to her personally.

It results that all assignments of error must be overruled and the judgment of the lower court is affirmed.

The costs of this appeal will be paid by the appellant and surety on the appeal bond.

Owen and Heiskell, JJ., concur.