Pleasant Holbert, *et als.*, *v.* George Seawright, Adm'r, etc., *et al.*

PLEASANT HOLBERT, *et als.*, *v.* GEORGE SEAWRIGHT, Administrator, etc., *et al.*

1. BILLS AND NOTES. *Endorser. Statutes of three and six years. Pleading and Practice.* In an action of *assumpsit* by an endorsee against an endorser, under §2775 of the Code, which provides that suits on all contracts not otherwise expressly provided for, shall be commenced within six years after the cause of action accrued, a plea of the Statute of three years will not lie. The Court say: " No provision is made for any other bar to an action on the contract of endorsement, although not a direct but a collateral undertaking, still it is a contract, and, therefore, embraced by §2775."
   Code cited: §2775.

Pleasant Holbert, *et als., v.* George Seawright, Adm'r, etc., *et al.*

2. PLEADING AND PRACTICE IN SUPREME COURT. *Bill of exceptions.*
Where a bill of exceptions fails to show that it contains all the
evidence, the Court will presume that the evidence sustains the find-
ing of the jury.

FROM LINCOLN.

Appeal from the Circuit Court. W. P. HICKER-
SON, Judge.

KERCHEVAL & KERCHEVAL for Holbert.

BRIGHT & SONS and COOPER for Seawright.

NICHOLSON, C. J., delivered the opinion of the Court.

This is an action by Seawright, as administrator of
Neal, endorsee of a bill of exchange, against Holbert,
an endorser thereof. The writ is in trespass on the
case, on promise, claiming $10,000 damages. The dec-
laration sets out the bill of exchange, its endorsement
by defendant, its protest for non-payment, and notice
thereof to defendant, not adopting any special form of
action, either debt or *assumpsit,* but following that
prescribed in the Code.

Defendant filed several pleas, among them *non as-
sumpsit,* want of notice, a contract for delay between
drawer and holder of bill, on which there were issues,
and Statute of Limitation of three years, to which
there was a demurrer, the Statute of six years, to
which there was special replication, that by the war,
and an Act of the Legislature, the Statute was sus-
pended until January 1, 1867, on which there was
issue.

On the trial the jury found a verdict for the plaintiff, and the defendant appealed.

The bill of exceptions does not show that it contains all the evidence in the cause. We are, therefore, to presume that a verdict of the jury on the issues joined was correct.

The first error assigned for defendant is, that the Circuit Judge sustained the demurrer to the plea of the Statute of Limitations. The action is *assumpsit*, by an endorsee against an endorser. Before the Code, the proper plea would have been the Statute of three years. As the law then was, the form of the action controlled as to the proper plea. But since the Code, suits on all contracts not otherwise expressly provided for, shall be commenced within six years after the cause of action accrued. §2775. No provision is made for any other bar to an action on the contract of endorsement, although not a direct but a collateral undertaking, still it is a contract, and, therefore, embraced by §2775.

It does not follow that any change has been made as to the rules of pleading in such case. An action of debt by an endorsee against an endorser would be erroneous, notwithstanding the alterations as to the time of limitation. If the action is on a contract, not otherwise expressly provided for, whether the form be debt or *assumpsit*, the only proper plea of limitation is that of six years. It follows, that the demurrer was properly sustained.

It is next insisted, that the proof shows that there

was an implied agreement or understanding between the holder and the drawer of the bill of exchange, for delay on such consideration, that it operated as a release of defendant, who was only an accommodation endorser. This question was submitted to the jury, in response to a request of defendant's counsel, as follows:

"It was competent for the defendant to establish a contract for delay by positive or circumstantial evidence, or both together; but that the burden of proving such contract was upon defendant, and if the evidence fails to show such contract, the jury will find upon this question for plaintiff, but if the evidence establishes such contract, the jury will find for defendant."

Under this charge, which was unexceptionable, the jury found for the plaintiff, and we are to presume that the evidence sustained their finding, as it does not appear that the bill of exceptions contains all the evidence.

Upon the whole case, we find no error, and affirm the judgment.