JAMES STOVALL v. THE STATE.

PLEADING AND PRACTICE. *Bastardy.* *Defendant not entitled to the benefit of reasonable doubt.* Bastardy cases are in the nature of civil redress, although the form of enforcing the remedy is by a State proceeding. Notwithstanding this fact, the defendant is not entitled to the benefit of the doctrine of reasonable doubt, applicable in criminal cases.

Case cited: O'Neal v. The State, 2 Sneed.

FROM FRANKLIN.

Appeal from the Circuit Court. J. W. WILLIAMS, Judge.

ATTORNEY-GENERAL for the State.

JNO. SIMMONS for defendant.

MCFARLAND, J., delivered the opinion of the court.

This is a bastardy proceeding. The proof is disgusting in its details and very conflicting, but the jury have settled the conflict and we bow to their superior wisdom on questions of this character.

The only question is, whether the court was correct in holding that the defendant was not entitled to the benefit of the doctrine of reasonable doubt, applicable in criminal cases.

The proceeding is in the name of the State, but in the language of Judge Caruthers, delivering the opinion of the court in the case of *James O'Neal* v. *The State,* 2 Sneed, "these contests are in their nature,

under our laws, between the mother and the reputed father of the unfortunate bastard for the support of the fruit of their mutual crime," and in that case it was held that under the statute giving to either party the right to appeal the mother might appeal, although in the record she was not the party.

We may add, that the effect of a judgment against the defendant is not to punish him for the commission of a crime, but to compel him to pay the necessary sums to aid the mother to support the child and prevent it becoming a county charge. It is in the nature of civil redress, although the form of enforcing the remedy is by a State proceeding, and the judgment is enforced by imprisonment.

The affidavit of the mother is conclusive and makes out the case without more, unless the defendant upon oath deny his guilt in the form prescribed by the statute.

We think, when the issue is made up, it is to be determined by the weight of proof, as in civil cases.

Affirm the judgment.