Vezolles *v.* Tennessee Cent. Ry. Co.

(*Nashville*, December Term, 1939.)

Opinion filed February 17, 1940.

Jas. C. R. McCall, Jr., of Nashville, for plaintiff.

Walter Stokes and McConnico, Armistead, Waller & Davis, all of Nashville, for defendant.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a suit brought by Elwood Vezolles, an infant, by next friend, Mrs. Winona C. Vezolles, to recover damages for personal injuries alleged to have been suffered by him in Davidson County, Tennessee, as the result of the negligence of defendant. Both the infant plaintiff and the next friend were non-residents of the State of Tennessee. The action was instituted *in forma pauperis*.

Defendant appeared and moved the court to dismiss the suit for failure of plaintiff to give security for costs. The attorney for plaintiff, a resident of Tennessee, moved the court that he be substituted as next friend, upon taking the oath for poor persons, in the place and stead of Mrs. Vezolles. The court entered the following order, in part, as follows:

"Upon consideration of which motions the Court was of opinion, and held, that the privilege of suing in forma pauperis under Section 9082 of the Code of Tennessee extends only to next friends suing on behalf of resident

infants; and it was accordingly ordered, adjudged and decreed that the motion of plaintiff's attorney to be substituted as next friend be overruled, and that the defendant's motion be sustained, and that the cause be dismissed at the cost of plaintiff, for which let execution issue.''

The first question here presented is whether the next friend of a non-resident infant can sue *in forma pauperis* to recover damages for personal injuries suffered by the infant in Tennessee.

Sections 9081 and 9082 of the Code are as follows:

''9081. Guardian of lunatics, etc., may prosecute suit by taking oath, etc., when.—Except for false imprisonment, malicious prosecution, and slanderous words, the next friend or any person who has been appointed by any court guardian or guardian ad litem of any idiot, lunatic, person of unsound mind, or infant, may commence and prosecute an action, suit or cross suit or appeal without giving bond or security for costs, by taking and subscribing an oath that he has no property of such idiot, lunatic, person of unsound mind, or infant, out of which to bear the expense of such action, and that he verily believes that such idiot, lunatic, person of unsound mind or infant is justly entitled to the redress sought; nor shall such . . . guardian ad litem incur any personal liability for such action, unless the court shall find that the step was not taken in good faith.''

''9082. Next friends of infants may prosecute suit by taking oath, etc.—A person acting as the next friend of an infant may on like terms prosecute a suit or appeal for such infant in forma pauperis, upon taking and subscribing an oath that the infant, in whose behalf the action or suit is begun, is not able, and has not sufficient property, to bear the expenses of the action or suit about

to be commenced, and that such infant is justly entitled to the relief sought, to the best of his belief."

Section 9082 must be construed *in pari materia* with section 9081, because section 9082 provides that "A person acting as the next friend of an infant may *on like terms* prosecute a suit or appeal for such infant in forma pauperis, . . ." The words "like terms" have reference to the terms found in section 9081. The privilege conferred upon the next friend of an infant to prosecute a suit *in forma pauperis* is not limited by the language of either section to *resident* infants.

Section 9082 originated with Chapter 105, Acts 1889, of the General Assembly of Tennessee. The language of the Act was, "That all persons acting as the next friend of any infant *in this State* may prosecute suits for such infants in forma pauperis." (Italics ours.) In framing Code 9082, the codifiers omitted the words *"in this State,"* and noted at the end of the section that Chapter 105, Acts 1889, was modified. Thus the clear intention of the General Assembly in enacting the Code of 1932 was to extend to next friends of all infants, whether residents in this State or not, the privilege of prosecuting an action *in forma pauperis*. The courts are without power or jurisdiction to read back into the statute the words "in this State" which the General Assembly deliberately removed.

It is argued that section 9082 should be construed *in pari materia* with sections 9080 and 9083. This cannot properly be done. Section 9080 provides that any resident of the state may commence an action without giving security for costs, upon taking the pauper oath. This section has reference to persons *sui juris*. Section 9083 provides that any personal representative of the estate of any deceased person in this State may commence an

action without giving security for costs by taking the pauper oath. Thus sections 9080 and 9083 deal with situations different from those embraced in sections 9081 and 9082.

The infant Elwood Vezolles, according to the declaration in this case, sustained serious bodily injuries as the result of the negligence of defendant. The accident occurred in Davidson County, Tennessee. The cause of action arose in this State. The infant and his mother resided in the State of Kentucky. His right to sue by next friend, *in forma pauperis*, to recover damage for his injuries, if entitled to damages, is, we think, conferred by section 9082 of the Code. The trial judge was in error in holding to the contrary.

■ The action of the trial judge in disallowing the motion to substitute J. C. R. McCall, Jr., a resident of Tennessee, as next friend in the place and stead of Mrs. Vezolles was predicated, as we understand his order, upon his holding that a nonresident infant was not entitled to sue *in forma pauperis*, by next friend in Tennessee, regardless of the residence of the next friend. On the remand of the case the substitution shall be allowed.

The judgment of the trial court must be reversed and the case remanded for further proceedings.