TENPENNY *v.* CANNON COUNTY.

(*Nashville*, December Term, 1943.)

Opinion filed February 5, 1944.

CUMMINGS & MELTON, of Woodbury, for plaintiff in error.

BRYSON & ELLEDGE, of Woodbury, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is an appeal by writ of error from a judgment dismissing plaintiff's suit against Cannon County for one-third of a year's salary which he alleged was due him as a former tax assessor of said County.

The original suit was filed in the Court of a Justice of the Peace on August 31, 1942. There was a judgment of dismissal from which plaintiff appealed to the Circuit Court where the cause was heard on the following stipulation of facts: .

"The plaintiff J. E. Tenpenny was the duly elected, qualified and acting Tax Assessor in and for Cannon County, Tennessee, at the Regular August election in 1932, in which election he was not a candidate for re-election, and J. H. Wood was duly elected to said office; that J. H. Wood did not qualify for or take said office until the first Monday in January 1933; that the plaintiff J. E. Tenpenny held over as Tax Assessor in and for Cannon County, Tennessee, until the said qualification of the said J. H. Wood; that the plaintiff J. E. Tenpenny has not been compensated or paid as Tax Assessor for Cannon County, Tennessee, for said holdover period; that Cannon County, Tennessee, has been operating and compensating its Tax Assessor under Chapter 455 of the Private Acts of Tennessee of 1927 from the passage and approval of said Act until the present time."

There are three assignments of error:

(1) That the Circuit Judge erred in holding Chapter 455 of the Private Acts of 1927, which provided for the

compensation of the Tax Assessor in Cannon County, unconstitutional;

(2) That the Judge erred in finding in favor of the County on its plea of the six-year statute of limitations, and

(3) That the Judge erred in holding that the plaintiff was estopped to assert his claim.

A consideration of the first assignment of error with regard to the constitutionality of Chapter 455 of the Private Acts of 1927, necessitates a short historical review of laws pertaining to the office of County Tax Assessor in Tennessee.

In section 557 et seq. of the Code of 1858, provision is made for tax assessors for each Civil District of the counties, and their duties and functions are set out in those sections of the Code. By section 9, Chapter 602 of the Public Acts of 1907, "The General Law for the Assessment and Collection of Taxes in the State of Tennessee," the Legislature abolished these District Assessors and created the office of County Assessor, as it had the clear right to do since neither office was created or mentioned in the Constitution of 1870.

The Act of 1907 which created the office of County Tax Assessor, placed the counties of the State in two classes, so far as the compensation of their Assessors was concerned. Counties of the first class were specified on a population basis and the amount of the salary of each Assessor was fixed by the Legislative Act; the second class, designated by the inclusive provision, "all other counties," were authorized to fix the salary of their Assessors, under a prescribed maximum, by resolution of their respective County Courts. We think that both these classifications were reasonable and within Constitutional limitations.

Between the passage of the Act of 1907 and the publication of Thompson-Shannon Code in 1917 (cf. note to section 762) some forty counties, in addition to the three which composed the first class in the original Act, had, by amendment to the Act of 1907 and by Private Acts designating specific counties on a population basis, placed themselves in the first class. By the time of the passage of the Code of 1932, by the same process, more than two-thirds of the counties of the State had placed themselves in the first class and had the salaries of their respective County Assessors fixed by Legislative Act, the counties being designated on a population basis by reference to a Federal census.

To meet that Legislative condition, the Code of 1932 not only saves these Private Acts from repeal by the general provision of section 3, but expressly provides in section 1338, which is the re-enactment of subsection 5, section 9 of Chapter 602 of the Public Acts of 1907, fixing the compensation of County Assessors, that "In counties, *except those in which the salary is fixed by other statutes,* the salary of the assessor shall be fixed by the county court," etc.

■ The fact that there are now in force some sixty Private Acts, identical in form and purpose with Chapter 455 of the Private Acts of 1927, and that no one of them has ever been assailed so far as the published opinions of this court disclose, raises a very strong presumption that the constitutionality of these acts is too clear for doubt.

■■ Since the office of County Tax Assessor is not a constitutional office but a creature of the Legislature, the creator can fix and amend the incidents of the office at will, so long as it does so by acts that are in form not

subject to Constitutional objection and so long as Constitutional rights of individuals are not curtailed.

"The later decisions of this court and of the Federal Supreme Court have conceded to the Legislature a very wide range of discretion in the matter of classification in police statutes and revenue statutes. The idea is that, if *any possible reason* can be conceived to justify the classification, it will be upheld." (Citing many cases.) (Emphasis ours.) *Ogilvie* v. *Hailey,* 141 Tenn., 392, 396, 210 S. W., 645, 647.

The foregoing was cited to sustain a classification fixing salaries of County Officials in the State, in *Hunter* v. *Conner,* 152 Tenn., 258, 271, 272, 277 S. W., 71.

It is uniformly held that the public enters into no agreement with officers that they shall receive any specific compensation during the term. When the Constitution fixes the compensation, it is of course beyond Legislative control. Free of Constitutional limitation, the Legislature may specify the method of fixing compensation and its amount as they see fit. *Hunter* v. *Conner, supra;* Throop on Public Officers, Section 443; Mechem on Public Officers, Section 857.

It seems to us that the language used by this court in upholding the validity of the Anti Fee Bill (Chapter 101 of the Public Acts of 1921), which provided for the salaries of certain County Officers in varying amounts according to classification of counties on a basis of population, is equally applicable to sustain the validity of Chapter 455 of the Private Acts of 1927, which is here assailed.

"The act does not affect any person or property right. It imposes no burden not equally borne by others *who may come into the class,* and confers no privilege upon any

county that may not be enjoyed by *other counties of the class.*" *Hunter* v. *Conner*, 152 Tenn., 258, 275, 277 S. W., 71, 76. (Emphasis ours.)

It results that the first assignment of error is sustained.

The second assignment of error is that the Circuit Judge erred in sustaining the plea of the County that plaintiff's claim was barred by the six-year statute of limitation.

Code section 8600, in which the six-year statute is embodied, is as follows:

"Actions for the use and occupation of land and for rent; actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; actions on contracts not otherwise expressly provided for, shall be commenced within six years after the cause of action accrued."

The Magistrate's warrant, which is the plaintiff's declaration, and which was not amended or changed on the trial in the Circuit Court, is as follows:

"You are hereby commanded to summon Cannon County to personally appear before me, or some other Justice of the Peace of said County, to answer the complaint of J. E. Tenpenny, in an action for compensation for services performed and work and labor done for said County as Tax Assessor thereof, for the quarter of year ending January, 1933, under $500.00."

■ To this the County pleaded, among other defenses: (1) *Nil debet*, and (2) The six-year statute of limitations. If the plaintiff is to recover from the County in this suit, it must be upon the cause of action set out in his declaration since his right of action is defined and limited thereby. He states in his declaration that he sues "in an action

for compensation for services performed and work and labor done for said County as Tax Assessor thereof.'' Evidently a promise to pay by the County is implied, either in fact or in law, as otherwise, there would be under this declaration no obligation on the County to pay, nor right in the plaintiff to recover.

''If the action is on a contract, not otherwise expressly provided for (Code 8600, *supra*), whether the form be debt or *assumpsit*, the only proper plea of limitation is that of six years.'' *Holbert* v. *Seawright*, 62 Tenn., 169, 171.

▮ And if there be no contract between the County and its officers, as was said in *Hunter* v. *Conner, supra,* 152 Tenn., at page 273, 277 S. W., at page 75, and the action for compensation be *quasi-contractual* under *indebitatus assumpsit,* nevertheless, the six-year statute of limitations is applicable. *Frankfort Land Co.* v. *Hughett,* 137 Tenn., 32, 191 S. W., 530; *Whitaker* v. *Poston,* 120 Tenn., 207, 110 S. W., 1019; and to suits by receivers for compensation though they are appointed by court orders. *Taylor* v. *Smith et al.,* 172 Tenn., 247, 254, 111 S. W. (2d), 1020.

'Although the plaintiff was not a party to a former case in this court in which the essential facts presented by the present case were passed upon so far as the statute of limitation is concerned, yet plaintiff's relation to the facts of the former case, as the published opinion of the Court of Appeals reveals, were: That Wood succeeded Tenpenny as Tax Assessor of Cannon County, being elected in the General Election of August 1932; that Wood did not take office until January, 1933, and that Tenpenny held over from September; that the County paid Wood as Assessor from September, 1932, and when Wood's

626

term expired, the County refused to pay him for the final quarter. When he brought suit for the amount due as salary for the final quarter, the County undertook to set off the amount erroneously paid him for the period from September 1, 1932, to January 1, 1933, before he had qualified or taken office. To the plea of set-off Wood pleaded the six-year statute of limitation, which was sustained by the Trial Court and affirmed by the Court of Appeals. This court denied *certiorari*. *Wood* v. *Cannon County*, 25 Tenn. App., 600, 166 S. W. (2d), 399.

Of course, since Tenpenny was not a party to the former case, the judgment there is not an adjudication of his rights, but as a principle of law, if the six-year statute of limitation applies to a cause of action by a County against a Tax Assessor for the erroneous payment of compensation, it must apply to the action of the Assessor against the County for withholding compensation.

It results that the second assignment of error is overruled and the judgment of the Trial Judge in holding the cause of action here, barred by the six-year statute of limitation, is affirmed.

Since this disposes of the case, it is unnecessary for us to pass upon the question of whether or not the plaintiff was estopped to bring suit. The costs of the appeal will be equally divided, and the Trial Judge will adjudge the costs below on the remand.