Rosa Martin

*v.*

Robert Martin.

373 S. W. 2d 609

(*Knoxville,* September Term, 1963.)

Opinion filed December 5, 1963.

George F. McCanless Attorney General, Thomas E. Fox, Assistant Attorney General, for plaintiff in error.

Willard W. Kittrell, Jr., Harriman, for defendant in error.

Mr. Chief Justice Burnett delivered the opinion of the Court.

This is an appeal by the State from an order of the Circuit Judge in declaring the Reciprocal Enforcement of Support Act as unconstitutional because it is said that it contravenes Article I, Section 17 and Article XI, Section 8 of the Constitution of Tennessee, upon the ground that it permits the filing of a petition in a court

of this State by a non-resident upon a pauper's oath, a right not authorized generally by sec. 20-1629, T.C.A. This Section of the Code (sec. 20-1629, T.C.A.) provides for the commencement of suits upon a pauper's oath except for false imprisonment, malicious prosecution, slanderous words, and for absolute divorce by residents of this State. The Reciprocal Enforcement of Support Act in question here is carried in the Code as sec. 36-901 et seq., as amended by Chapter 214 of the Public Acts of 1959, and is codified in the Cumulative Supplement of the Code. The particular Section in question is sec. 36-902(14), T.C.A. This Section authorizes the filing of a petition if certified in accordance with law of a certifying state rather than as required by sec. 24-619, T.C.A., which provides that records in judicial proceedings of any court in any state, etc., shall be proved or admitted in other courts within the United States by the attestation of the clerk and the seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

A petition was filed in the Chancery Division of the Circuit Court in the County of Oakland, State of Michigan, by the Supervisor of the County Bureau of Social Aid, Ora L. Hinckley, to the effect that the respondent, Robert Martin, has failed to comply with an order of that court, dated August 8, 1960, to support his three minor children, since December 21, 1960, and was in arrears at the time the petition was filed in an amount exceeding $1,500.00.

The cause, according to the certificate, was heard before the Circuit Judge of Oakland County, Michigan, in 1962. That court certified in accordance with the Recip-

rocal Enforcement of Support Act of that state that the petition set forth facts from which it could be determined that the respondent, Robert Martin, has a duty to support his dependent children, therein named, and sufficient for the court designated in the petition, Circuit Court of Roane County, Tennessee, to exercise jurisdiction over the respondent, Robert Martin, and his property.

The Michigan court further ordered true copies of the certified petition and other papers as required by the Act (sec. 12 of the Michigan Act, Comp.Laws Supp.1956, sec. 780.162—sec. 36-913, T.C.A.) be transmitted to the proper court in the responding state. This was apparently done since there is no question herein raised regarding it.

The case first came on to be heard in the Circuit Court of Roane County in January, 1963, upon the petition and testimony of the defendant in error, Robert Martin. The Roane County Circuit Court found that the maximum amount that Robert Martin could pay for the support of his three children would be $15.00 per week, and he ordered Martin to pay $30.00 twice monthly into court for that purpose. Later on February 1, 1963, a conditional forfeiture was entered against Robert Martin and his bondsman because of Martin's failure to appear in court and answer the petition for support.

On August 7, 1963, an order was entered granting a motion of the defendant in error, Robert Martin, to dismiss the petition upon the grounds that it did not comply with the Tennessee Constitution for the reasons set out above.

It is the insistence of the State that the trial judge erred in declaring the Reciprocal Enforcement of Support Act unconstitutional on the grounds above set forth.

Article I, Section 17 of the Tennessee Constitution provides that all courts shall be open and every man, for any injury done him and his land, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. This Section also provides that suits may be brought against the State in such manner and in such courts as the Legislature may by law direct.

Article XI, Section 8 of the Tennessee Constitution prohibits the Legislature from suspending the general law of the State for the benefit of any particular individual. This provision and the Fourteenth Amendment to the Constitution of the United States has been dealt with by us many times.

In 1954 we had before us the Reciprocal Enforcement of Support Act which was on the books at that time in the case of *Sinclair v. Sinclair,* 196 Tenn. 538, 268 S.W.2d 573. In that case we held that this Act did not violate the due process clause of the Fourteenth Amendment of the Federal Constitution. We also pointed out that in the case then before us the initial proceedings were instituted in Alabama and then sent to Tennessee as the responding State where service of process was had on the defendant in that case, who answered and offered proof in support of his answer. We also pointed out that it clearly appeared to us in that case that due process was preserved and that the defendant in that case had had his day in court and that judgment was only rendered against him after he had been given an opportu-

nity to offer proof, and that it was only after this that the courts of this State decreed support was due and specified the amount.

In the present case the constitutional objection insisted upon is more specific. It is argued by the defendant in error that this Reciprocal Enforcement of Support Act permits the filing of a petition in a court of this State by a resident of another state upon a pauper's oath (sec. 36-914, T.C.A., Cumulative Supplement), whereas sec. 20-1629 T.C.A., only permits residents of this State to file suits upon pauper's oaths in certain cases, and (2) it does not require a compliance with sec. 24-619, T.C.A., relative to the filing of judicial records, etc., of other states in courts of this State.

The test to be applied in such instances has been many times defined by this Court and other courts of last resort in a number of cases. See *Condon v. Maloney,* 108 Tenn. 82, 65 S.W. 871; *State ex rel. Condon v. Maloney,* 108 Tenn. 821, 65 S.W. 871; *Motlow v. State,* 125 Tenn. 547, 145 S.W. 177, L.R.A.1916F, 177; *Tenpenny v. Cannon County,* 180 Tenn. 618, 177 S.W.2d 817; and *State ex rel. Astor v. Schlitz Brewing Co.,* 104 Tenn. 715, 59 S.W. 1033. These cases clearly point out the fact that the true question in each case is, is the classification capricious, unreasonable or arbitrary? This question is very ably answered in the Motlow opinion, at pages 559-560 of our Report [125 Tenn. at pages 559-560, 145 S.W. at page 180, L.R.A.1916F, 177]. From this we reach the conclusion that if any state of facts can reasonably be conceived that would sustain the constitutionality of the Act then the Act must be held constitutional. The Reciprocal Enforcement of Support Act is the uniform law which has been adopted by the Legislature of this

State as well as that of the State of Michigan (the initiating state). This law is remedial in nature and should be liberally construed with reference to the object to be obtained. This Act in effect is a civil proceeding and is a simplified, fair and convenient way to cause those who are obligated to support their minor children to do so without having to be extradited to another state. See *Sinclair v. Sinclair,* supra. In the present case the defendant in error made a personal appearance before the Roane County Court and on the proceedings sent by the initiating state and the testimony heard by that court he was found to be able to pay the amount as hereinbefore set forth for the support of his children. The function of the Michigan Court, or the initiating state, is to certify to the courts of this State, the responding State, the sufficiency of the petition, that is, to set forth facts from which it may be determined that a duty to support is owed. After this is done and when there is a holding by the responding state then it is the duty of the responding state to find and determine that this obligor's responsibility to support these children has already been determined by a court of competent jurisdiction, that of the initiating state.

The reasons for an exception to the objection made that this Act was unconstitutional as violating Article XI, Section 8, of the State Constitution, and authorizing suits of the kind here to be initiated by out of state residents in the courts of this State is obvious. Ordinarily, the minors in whose behalf the petition is filed by his legal custodian or some other person in their behalf do not have the means to secure the cost of the litigation necessary to require the support by his father, otherwise he would not need to file the petition and in most instances

probably wouldn't. Without the privilege of filing such suits on a pauper's oath this Act would be rendered nugatory. We in this State have not and do not hold that in every instance a non-resident may not file suit on a pauper's oath. As an example this Court in *Vezolles v. Tennessee Cent. R. Co.*, 175 Tenn. 554, 136 S.W.2d 502, held that a non-resident infant may prosecute on a pauper's oath a suit in this State, even though the infant is a non-resident of the State, and even though the next friend is a non-resident he may likewise file such a suit. This opinion in the Vezolles case was predicated on a construction of what is now sec. 20-1630 and sec. 20-1631, T.C.A. This Court specifically held in that case that it was clear from a construction and reading of these two Code Sections that the General Assembly had extended "to next friends of all infants, whether residents of this State or not, the privilege of prosecuting an action *in forma pauperis.* The courts are without power or jurisdiction to read back into the statute the words 'in this State' which the General Assembly deliberately removed." Such reasoning is applicable to the enactment of the Legislature of this State of sec. 36-914, T.C.A., Cumulative Supplement, involved in the instant case.

By Shepardizing the Motlow and Condon cases, and others of similar import cited supra, a number of instances can be found where this Court has felt that such legislation is not unconstitutional under the Sections of our State Constitution here in question. An instance of such a holding is the case of *Cosmopolitan Life Ins. Co. v. Northington*, 201 Tenn. 541, 300 S.W.2d 911. In this case we made a statement which is applicable here:

"When the Legislature in its wisdom has seen fit to enact legislation of this type the courts have consistently felt that under our constitution that this was a matter of the Legislature and one that we should not, unless the Constitution is violated, encroach upon. Here the Legislature has before it facts and things known to them and when it enacts Legislation which is apparently for the protection of the public safety, or the public health or the public morals. The court in its wisdom should not encroach upon this act or right of the Legislature."

A simple answer to the two constitutional questions here raised will be found in the following quotation from *Duncan v. Smith*, (1953 Ky.), 262 S.W.2d 373, 42 A.L.R. 2d 754, thus:

"We think that the practical difficulties involved in the securing of support by one person from a person residing in another state constitute a valid basis for granting free legal representation in such cases and denying it in cases where both persons are residents of the same state. Besides, in the final analysis, the free legal representation is for the benefit of the public as a whole, and not of a particular dependent person."

The same reasoning applies with respect to both constitutional objections. If the petition from Michigan had been certified in accordance with sec 24-619, T.C.A., the cost of such certification (perhaps not more than a few dollars) would be prohibitive to minors in a foreign state whose father resides in this State and refuses to support them. Code Section 36-902(14), T.C.A., provides that certification shall be in accordance with the law of the certifying state. It may well be that some of the

foreign states would not have a provision in their Code comparable to sec. 24-619, T.C.A.

Minor children in this category, those living in a state foreign to the residence of their father who refuses to support them, are without means to employ legal help and the Legislature in the enactment of this law (Reciprocal Enforcement of Support Act), no doubt, felt it necessary to make the law as informal as possible and avoid the technicalities required by sec. 24-619, T.C.A.

We have carefully considered the question here involved and after doing so are confident that this type of legislation, in view of its purposes, does not in any way violate any Section of our Constitution. This being our conclusion, we must therefore reverse and remand this case for further proceedings.