EMMA JEAN FRAZIER, Complainant-Appellee, v. JOHN McFERREN, Defendant-Appellant.—402 S.W. (2d) 467.

Western Section, at Jackson.  April 27, 1964.

Certiorari Denied by Supreme Court December 11, 1964.

R. B. J. Campbelle, Jr., Nashville, for appellant.

John S. Wilder, Somerville, for appellee.

CARNEY, J. The defendant below, John McFerren, has appealed from a decree of the Juvenile Court of

Fayette County, Tennessee, adjudging him to be the natural father and therefore liable for the support of a minor child, Angela Kay Frazier, born November 12, 1962, to the complainant, Emma Jean Frazier.

The complainant, Emma Jean Frazier, a citizen and resident of Somerville, Fayette County, Tennessee, testified that she and her husband, William Frank Frazier, of Memphis, Tennessee, separated in November, 1960, in Fayette County, Tennessee, and that she had not had intercourse with him since November, 1960, nor had she been associated with him since that date. Further, she testified that she began having an affair with the defendant, John McFerren, in December, 1961, and which affair continued through February, 1962, and that the said John McFerren was the father of the baby girl, Angela Kay Frazier, born to her on November 12, 1962.

Further, she testified that upon discovering that she was pregnant, she informed the defendant and he brought to her at her home several vials labeled ''quinine sulfate'' and suggested that she should take such medicine in an effort to abort or miscarry. She stated that she did not take the medicine because she did not know the proper dosage.

Complainant's husband, William Frank Frazier, of Memphis, testified that they were married in June, 1955, and separated in 1960; he acknowledged that three of the complainant's five children were his. He stated that the first child and the fifth child, namely Angela Kay Frazier, were not his children. The first child was born prior to his marriage to the complainant. He testified that since their separation in the fall of 1960 he had not had intercourse with the complainant nor visited with her nor had she visited with him since that date but that the

complainant had written to him and had informed him that she had had a child born to her by the defendant, John McFerren.

The complainant was partially corroborated as to her being seen in the company with the defendant, John McFerren, by several witnesses.

The defendant, John McFerren, operates a grocery store in or near the town of Somerville, Tennessee. He is also president of an organization known as "Original Fayette County Civic and Welfare League" which apparently is engaged to some extent in the distribution of foodstuffs to needy people. The complainant, Emma Jean Frazier, was employed by the defendant, John McFerren, both as a helper in his grocery store and in operation of the Welfare League in the distribution of food and supplies. Complainant testified that the several acts of intercourse with the defendant occurred on various county roads of Fayette County, oftentimes as he was taking her home from work. The defendant is married.

McFerren denied that he had ever had an affair with the complainant, Emma Jean Frazier; denied that he had ever delivered her any vials of any kind; denied that he had ever taken her home from work except on one or two occasions when he took other employees home at the same time. Defendant offered testimony tending to show that the complainant had been seen parked on country roads in compromising positions with men other than the defendant.

The Trial Judge found the evidence in favor of the complainant and adjudged the defendant, John McFerren, to be the natural father of Angela Kay Frazier. He ordered him to pay all the hospital and doctor's bills

incident to the birth of said child; he ordered him to pay the sum of $25.00 per month effective November 12, 1962, for the support and maintenance of said minor child and to pay the solicitor for complainant, Mr. Wilder, the sum of $150.00.

In support of this motion for a new trial the defendant, John McFerren, filed the affidavit of one Willie B. Hardaway a citizen and resident of Fayette County, Tennessee, to the effect that he had been regularly dating the complainant, Emma Jean Frazier, since October, 1961; and that he was the father of the minor child, Angela Kay Frazier; that he had advanced the complainant $3.00 to buy medicine to abort or miscarry and that he had continued to give the complainant money from time to time. Further, he stated that after he heard about the court decree against John McFerren, he volunteered the information to John McFerren that he was the true father of said child and that he was ready and willing to support said child.

The court received an affidavit of Emma Jean Frazier in reply thereto in which she categorically denied all allegations of the affidavit of Willie Hardaway; denied that she even knew Willie B. Hardaway; denied that she had ever knowingly seen or been with him or had any association with him of any kind. The Trial Judge overruled the motion for a new trial and the defendant, John McFerren, has assigned errors in this court on this appeal.

The proceedings were instituted under the provisions of T. C. A. Section 36-222 et seq. which are shown in the Code under the general title "Bastardy." These sections of the Code were enacted by Chapter 186 of the Public

Acts of 1955 and repealed the former statutes relating to bastardy proceedings.

We copy the pertinent sections of the code as follows:

"36-222. Definitions.—As used in this chapter, unless the context clearly requires otherwise:

(1) 'Child' means a child born out of lawful wedlock.

(2) 'Mother' means the mother of a child born out of lawful wedlock.

(3) 'Court' shall mean the juvenile court. (Acts 1955, ch. 186, sec. 1.)"

"36-223. Liability of father of child born out of wedlock.—The father of a child born out of wedlock is liable for the necessary support and education of the child. He is also liable for the child's funeral expenses. He is liable to pay for the expenses of the mother's confinement and recovery, and is also liable to pay such expenses, including counsel fees, in connection with her pregnancy as the court in its discretion may deem proper. (Acts 1955, ch. 186, sec. 2.)"

"36-227. Conduct of trial.—(1) The trial shall be by the court without a jury unless the defendant shall demand a jury or the judge of his own motion orders, in either of which events the case shall be transferred to the circuit court for jury trial on the issue of paternity, and shall be remanded to the juvenile court upon disposal of that issue if paternity is found. Both the mother and the alleged father shall be competent to testify but the alleged father shall not be compelled to give evidence. If the mother is married, both she and her husband may testify to nonaccess. The court may exclude the general public from the room where pro-

ceedings are had, pursuant to this chapter, admitting only persons directly interested in the case, including officers of the court and witnesses.

(2) If the defendant fails to appear, the security for his appearance shall be forfeited and shall be applied upon the order of paternity and support, but the trial shall proceed as if he were present. (Acts 1955, ch. 186, sec. 6.)''

''36-228. Blood tests to determine paternity.—The court, on motion of the defendant, shall order the mother, her child and the defendant to submit to one or more blood grouping tests by a duly qualified physician to determine whether or not the defendant can be excluded as being the father of the child, and the results of such tests may be received in evidence but only in cases where definite exclusion is established. (Acts 1955, ch. 186, sec. 7.)''

The defendant availed himself of the provisions of 36-228 but the results of the blood test were inconclusive and did not exclude the defendant as the father of the child.

The defendant did not demand a jury trial as authorized under T.C.A. Section 36-227 and elected to be tried before the County Judge who also presided over the Juvenile Court of Fayette County.

Under prior laws the bastardy proceedings were brought in the name of the State of Tennessee but the courts recognized that basically the proceedings were civil in nature and only a preponderance of the proof was necessary to establish the paternity. It was not necessary to prove the paternity beyond a reasonable doubt. Stovall v. State, 68 Tenn. 597.

██ ██ Under Section 36-224 the mother of the child, or her personal representative or the State Department of Public Welfare or any interested person may file the petition and apparently it is not necessary that the same be brought in the name of the state. Therefore, it appears that the present litigation was in all respects a civil suit and only a preponderance of the evidence was required for the complainant to prevail. Under T.C.A. Section 36-235 the cause is before this court for review de novo as are other equity appeals; namely accompanied by a presumption of the correctness of the judgment of the court below. T.C.A. Section 27-303.

██ There is an apparent inconsistency between 36-222 and 36-227. Section 36-222 defines a child contemplated by statute as being born out of wedlock. However, Section 36-227 expressly provides that both the mother and her husband may testify as to nonaccess of the husband. This indicates clearly that the Legislature intended to provide for the support of all children proven to be illegitimate both those born out of wedlock and those born to a mother who was married but whose husband was proven not to be the father of the child in question.

██ We turn now to the assignments of error. Assignment of error No. I complains that the Trial Judge refused to permit the husband, William Frank Frazier, Sr., to testify on cross-examination concerning the amount of support which he was furnishing for the children of Emma Jean Frazier. The bill of exceptions recites only that the court sustained an objection to this line of testimony. We think this evidence might have been competent on cross-examination for the purpose of impeaching the testimony of William Frank Frazier, Sr. that he was not the father of said child.

However, the record does not show what his testimony would have been had he been permitted to answer such question. The solicitor for the appellant makes a statement in his brief that such answers would have shown that Frazier was ordered to support all of the children of Emma Jean Frazier by decree of the Juvenile Court of Shelby County. No copy of any court judgment or decree is offered in evidence. This court cannot accept statement of solicitor in lieu of testimony in the record. For this reason we cannot hold that the Trial Judge committed reversible error in sustaining the objection.

▪ ▮ Assignment of error No. II insists that the court erred in allowing the complainant to testify that the défendant brought her certain vials of medicine labeled quinine sulfate with the suggestion that she take the same to abort or miscarry. It was competent for the complainant to testify that the defendant offered her medicine for the purpose of miscarriage or abortion as corroboration of her testimony that the defendant was in fact the father of her child and had been carrying on an illicit affair with her. Assignment of error No. II is therefore overruled.

▮ Assignment of error No. III insists that the lower court was in error in accepting the counter affidavit as balancing the affidavit of Willie Hardaway filed in support of the motion for a new trial as newly discovered evidence. The rule has been clearly established in Tennessee that before a new trial will be granted on the grounds of newly discovered evidence, it must appear not only that such evidence has been discovered since the former trial but also it must appear that such newly discovered evidence could not have been procured for the trial by the exercise of reasonable diligence. Monday v.

Millsaps, 37 Tenn.App. 371, 264 S.W.(2d) 6; Illinois Central Railroad v. Exum, 41 Tenn.App. 450, 296 S.W. (2d) 372.

■ The affidavit of Willie B. Hardaway is not very convincing. No explanation is given as to why he was giving the affidavit before a Notary Public in Hardeman County when he avers himself to be a resident of Fayette County, Tennessee. The defendant, John McFerren, filed no affidavit showing diligence on his part or explaining why the evidence of Willie B. Hardaway was not procured before the first trial. If Willie B. Hardaway was in fact going with the complainant and being seen with her publicly such as in restaurants in Somerville and Moscow, Tennessee, it would seem that the defendant, McFerren, would have learned of such activities in preparing his defense in the present case. On the record before this court we do not find that the Trial Judge abused his discretion in refusing the defendant a new trial on the grounds of newly discovered evidence. Smith v. Steele, 44 Tenn.App. 238, 313 S.W.(2d) 495; Tennessee Procedure in Law Cases, Sections 1575-1576. Assignment of error No. III is respectfully overruled.

■ Of course, there is always a presumption of the legitimacy of a child born to a mother who is married. However, it is well settled in Tennessee that such presumption of legitimacy may be overcome by clear, cogent and convincing testimony that there was no cohabitation between the husband and wife during the period when the child, in the course of nature, must have been conceived. Gower v. State, 155 Tenn. 139, page 144, 290 S.W. 978. In the case at bar the defendant, John McFerren, did not offer any testimony tending to refute the testimony of William Frazier and the complainant that they

had been separated since November, 1960, and had not associated with each other since that time. The defendant did offer some evidence that the complainant was of bad reputation and had been associating with male persons other than her husband. Apparently the Trial Judge did not believe this testimony.

The evidence does not preponderate against the decree of the lower court. The appeal is dismissed and the decree affirmed. T.C.A. Section 27-303.

The cause will be remanded for the enforcement of the decree. The costs of the court below and in this court are taxed against the defendant below, John McFerren.

Avery, P.J. (W.S.), and Bejach, J., concur.