**Thurman H. BROTHERTON, Plaintiff,**

v.

**John D. SOLOMON, Defendant.**

**Civ. A. No. 2467.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Jan. 13, 1970.

Court of Greene County, Tennessee. The plaintiff claims he is a citizen of the United States and that the defendant, under color of Tennessee statute[s], subjected him to the deprivation of his right under the federal Constitution to the due process of Tennessee law. 42 U.S.C. § 1983. The gravamen of the allegations in the complaint is that the defendant deprived the plaintiff of his right, established by the Constitution of Tennessee, Article 1, § 17, to his remedy by due course of law for an injury done him in his person. Specifically, the plaintiff claims that the defendant, as such clerk and master, refused to file his action in that court against a third person for unliquidated damages, because of the insufficiency of the affidavit submitted to establish the plaintiff's indigency.

The defendant has interposed a motion to dismiss the complaint, contending, *inter alia*, that it fails to state a claim against him upon which relief can be granted herein. Rule 12(b) (6), Federal Rules of Civil Procedure. As matters outside the pleadings are presented in the form of documents exhibited with both the complaint and the aforesaid motion, same is treated herein as one for summary judgment. Rule 56, Federal Rules of Civil Procedure; Rule 12(b), *supra*.

From all the pleadings and exhibits before the Court, it appears to be undisputed that on or after November 6, 1969, the plaintiff mailed to the defendant his aforementioned suit papers; that four days afterward, the defendant inquired of Honorable Walter R. Gray, chancellor of the fifteenth chancery division of Tennessee, which includes Greene County, Tennessee, the disposition which should be made thereof; that, after investigation of the legal authorities on the subject, the defendant was directed by the aforenamed chancellor not to file the (bill of) complaint, but to advise the plaintiff by United States mail of the insufficiency of the affidavit as a poor person he had submitted and to include therein the pertinent sec-

Thurman H. Brotherton, pro se, plaintiff.

O. C. Armitage, Jr., Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action for damages by a prisoner of the state of Tennessee against the clerk and master of the Chancery

tion of the Tennessee Code Annotated, *viz.*, T.C.A. § 20–1629, setting forth the form of the written oath required to authorize the commencement of his action; that on November 12, 1969, the defendant directed such a letter to the plaintiff; and, that the complaint herein was lodged with the clerk of this Court on November 21, 1969.

The motion has merit. Mr. Brotherton has a right to pursue his aforementioned remedy in the courts of Tennessee, but he was required to comply with the mandates of, and practice under, Tennessee law in instituting his action. " * * * In any action commenced by petition * * *, the plaintiff may be required to give security. * * *" T.C.A. § 20–1624. " * * * Any person required by law to give security for costs may, at any stage of the cause, be ruled to give such security, if it has not previously been done * * *." T.C.A. § 20–1626. As he selected the Chancery Court of Greene County, Tennessee as his forum, Mr. Brotherton was required (a) to file a bill of complaint therein, and (b) to either: (1) give the required security or (2) take, in lieu thereof, the oath for poor persons. Gibson's Suits in Chancery (5th ed.) § 1224. Mr. Brotherton undertook to file his bill and submitted therewith a purported pauper's oath. However, as was pointed out to him in the defendant's letter, this oath was insufficient because it did not affirmatively appear therefrom that the plaintiff was a resident of Tennessee.[1]

As pertinent to this inquiry, T.C.A. § 20–1629 provides as follows:

* * * [A]ny resident of this state [Tennessee] may commence an action without giving security as * * * required by taking and subscribing the following oath in writing: 'I, A. B., do solemnly swear that owing to my poverty, I am not able to bear the expense of the action which I am about to commence, and that I am justly entitled to the relief sought, to the best of my belief.' * * *

The pertinent part of the oath submitted by Mr. Brotherton to the defendand, states:

" * * * The plaintiff, Thurman H. Brotherton, * * * swears that he is poor * * * and without funds to * * * bear the expense of * * * his Suit * * * [and] * * * is entitled to the redress that he seeks * * *."

Thus, the oath submitted by the plaintiff was insufficient, *i. e.*:

" * * * The affidavit of poverty should contain an affirmation that the maker is a resident of the State [of Tennessee], and further it is incumbent on the parties to show affirmatively that they are citizens or residents of the State of Tennessee. * * *" Scruggs v. Baugh, C.A.Tenn. (1926), 3 Tenn.App. 256, 259, certiorari denied (1926). " * * * Only a resident of this State may prosecute a suit * * * upon the pauper's oath. Code, section 9080 [now T.C.A. § 20–1629]; Southern Railway Co. v. Thompson, 109 Tenn. 343, 71 S.W. 820; Goodlin v. Hutson, 16 Tenn. App. 488, 491, 65 S.W.2d 217; Scruggs v. Baugh, 3 Tenn.App. 256, 259. * * *" Hamby v. Northcutt, C.A.Tenn. (1940), 25 Tenn.App. 11, 149 S.W.2d 484, 486 [1], certiorari denied (1941), wherein an appeal from a decision of the Chancery Court of Grundy County, Tennessee was dismissed, because " * * * neither in his [the complainant's] 'Pauper's oath for appeal' nor elsewhere in the record, does it appear that * * * [the complainant-appellant was] * * * a resident of the State of Tennessee. * * *" 149 S.W.2d at 486. T.C.A. § 20–1629 " * * * *provides for the commencement of suits upon a pauper's oath* except for false imprisonment, malicious prosecution, slanderous words, and for absolute divorce *by residents of this State.* * * *" [Emphasis supplied.]

---

1. A form of the required pauper's oath, including the essential averment of Tennessee residence of the affiant, is set forth in Gibson's Suits in Chancery, *supra*, § 189.

Martin v. Martin (1963), 213 Tenn. 345, 373 S.W.2d 609, 610.

It was for the chancellor and the clerk and master of the state court, in their respective judgments (or collective judgment, as here), to decide what method should be pursued in this instance to comply with the Constitution of Tennessee, article 1, § 17. Vowell v. State (1915), 132 Tenn. 349, 178 S.W. 768, 771. They might have permitted the filing of the plaintiff's bill of complaint, but no subpoena for the defendant to answer the plaintiff's bill could have been issued by the defendant until security had been given or the proper oath taken, T.C.A. §§ 20–1622, 21–201; or they might have advised the plaintiff, as they did, the statutory requirements for the pertinent oath. T.C.A. § 20–1622 contravenes the common law and cannot be extended by construction. Kennedy v. Jack (1824), 9 Tenn. 82.

From all which it appears to this Court that, under this undisputed set of facts, Mr. Brotherton has been deprived of none of his rights. His right to pursue his remedy remains. All he needs do is invoke his remedy in a manner agreeable with Tennessee law and practice.[2]

" * * * Summary judgment is proper if there is no genuine issue as to any material fact * * *; and under such circumstances the moving party is entitled to a judgment as a matter of law. * * * " Short v. Louisville and Nashville Railroad Company, D.C.Tenn. (1962), 213 F.Supp. 549, 551 [9]. In deciding a motion for a summary judgment, the record must be viewed from the position of the trial judge confronted with a motion for a directed verdict at the completion of the plaintiff's case. Idem. [4]. From that viewpoint this Court would unhesitatingly grant the defendant a directed verdict on the foregoing evidence. Accordingly, the de-

fendant's motion of December 18, 1969 hereby is granted. The plaintiff's being denied all relief, summary judgment will enter dismissing the complaint herein.

---

2. Although not presented as an issue herein, the plaintiff would do well before commencing his action to determine whether a chancery court in Tennessee will entertain an action for unliquidated damages.