STATE OF IOWA, ex rel., Rhonda R. NAUMAN, Appellant,

v.

Christian TROUTMAN, Respondent.

No. WD 32320.

Missouri Court of Appeals, Western District.

Oct. 13, 1981.

Michael R. Henry and Victoria S. Schwartz and Dean A. Davidson, Pros. Atty., St. Joseph, for appellant.

Robert B. Randolph, St. Joseph, for respondent.

Before TURNAGE, P. J., PRITCHARD and CLARK, JJ.

TURNAGE, Presiding Judge.

Rhonda Nauman filed a petition for support in the State of Iowa under the Uniform Reciprocal Enforcement of Support Act, which goes by the acronym URESA. The District Court in Iowa found that the petition set forth sufficient facts from which it could be determined that Christian Troutman owed a legal duty of support for the minor dependent named therein and certified the cause to this State.

After service of summons on Troutman in this State, he filed a motion to dismiss. The court sustained the motion.

On this appeal Troutman has not filed a brief and the State contends the petition did state a cause of action. Reversed and remanded.

The petition alleged that Rhonda Nauman was the mother of a daughter who was born out of wedlock and that Troutman was *the father*. In his motion to dismiss, Troutman contended that § 252A.3(9) of the Iowa Code provides there shall be no liability for support against the putative father unless and until the putative father has been adjudicated to be the child's father by a court of competent jurisdiction. A copy of the Iowa Code attached to the petition filed in this State sets out § 252A.3(9) in full. That section provides that the natural parents of a child born out of wedlock shall be severally liable for the support of the child, but the liability of the natural father shall not be enforceable unless he has been adjudicated to be the father by a court of competent jurisdiction or has acknowledged paternity. However, the distinction between the ground alleged in the motion to dismiss and the actual provision of the Iowa law becomes immaterial because no section similar to § 252A.3(9) is to be found in the Missouri URESA.

Although no brief has been filed on the part of Troutman, obviously the question to be decided is whether the question of paternity may be decided in this State under a petition filed in another State under URESA.

This question was decided by the Oregon Supreme Court in *Clarkston v. Bridge*, 273 Or. 68, 539 P.2d 1094 (1975). In *Clarkston* a resident of Washington filed a petition under URESA alleging that a daughter had been born out of wedlock and that an Oregon resident was the father. The petition was forwarded to Oregon and the question on appeal was whether or not the court in a URESA proceeding possessed jurisdiction to establish paternity. The court relied on two statutes in the Oregon URESA which are identical in terms to §§ 454.020.6 and 454.220, RSMo 1978, which are a part of the Missouri URESA. Section 454.220 provides:

"If the court of the responding state finds a duty of support, it may order the defendant to furnish support or reimbursement therefor and subject the property of the defendant to such order."

Section 454.020.6 provides:

" 'Duty of support' includes any duty of support imposed or imposable by law, or by any court order, decree or judgment, whether interlocutory or final, whether

incidental to a proceeding for divorce, legal separation, separate maintenance or otherwise."

The *Clarkston* court held the above sections "authorizes both the finding and the enforcement of duties of support which have not been previously established in another proceeding." 273 Or. 68, 539 P.2d 1096. The court further held that a court must necessarily first decide whether the respondent is the child's father in determining whether such person owes a duty of support to an illegitimate child. The court concluded that since the Oregon URESA authorizes the courts to find, as well as enforce, a duty of support in a URESA action, the authority to establish paternity in that kind of proceeding is clearly implied.

This court finds the reasoning of the Oregon court to be persuasive. Clearly the Missouri URESA authorizes the Missouri court to find a duty of support which may be any duty of support imposed or imposable by law. It is beyond question that in this State the father is liable for the support of his illegitimate child. *N. R. v. R. J. D.*, 588 S.W.2d 76, 78[2–3] (Mo.App.1979). The above sections in the Missouri URESA likewise authorize the enforcement of support when the duty is found.

This construction of the URESA is in accord with decisions reached in other states. Annot. 81 A.L.R.3d 1175, 1181 (1977).

The judgment is reversed and this cause is remanded for further proceedings.

All concur.