STATE, ex rel. DEPARTMENT of
SOCIAL SERVICES,
Plaintiff-Appellant,

v.

Ralph Eugene WRIGHT, Jr.,
Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

Aug. 31, 1987.

W.J. Michael Cody, Atty. Gen. and Reporter, Debra K. Inglis, Asst. Atty. Gen., Nashville, for plaintiff-appellant.

Billy H. Leffew, Rockwood, for defendant-appellee.

## OPINION

FONES, Justice.

This direct appeal involves the constitutionality of establishing paternity pursuant to procedures set out in the Uniform Reciprocal Enforcement Support Act [URESA], T.C.A. §§ 36–5–201, *et seq.*

In May of 1986, the Department of Social Services for the County of St. Clair, Michigan, filed, on behalf of a minor child, a "Complaint to Adjudicate Paternity Under the Uniform Reciprocal Enforcement of Support Act" against Ralph Eugene Wright, Jr. [respondent]. The complaint alleged that the child, Ava Marie Perzanowski, lived with her mother, Yolanda C. Perzanowski, in St. Clair County and that the alleged father was residing in Harrison (sic), Tennessee. The complaint requested the Michigan circuit court to initiate URESA's interstate procedures to enforce respondent's purported duty of support.

After a hearing in which Yolanda Perzanowski testified as to the facts alleged in complaint, the Michigan court certified that the petition "sets forth facts from which it may be determined that [respondent] owes a duty of support" to the child and that the Roane County, Tennessee circuit court could obtain jurisdiction over respondent. The Michigan court then ordered that "true copies of the Petition, the exhibits annexed thereto, this Order, and a copy of [the Michigan version of URESA] be forthwith transmitted to the Roane County Circuit Court in and for the State of Tennessee, for further procedure under the reciprocal laws of the State of Tennessee and the State of Michigan."

Respondent subsequently moved the Roane County Circuit Court to dismiss the petition, arguing that the procedure to adjudicate paternity under Tennessee's version of URESA was unconstitutional. Spe-

cifically, respondent challenged the application of T.C.A. § 36–5–219(b), which states that a duly certified URESA petition "shall create a presumption of the truthfulness of the facts alleged therein and prima facie evidence of the liability of the respondent and shall shift the burden of proof to such respondent."

Respondent noted that, by virtue of § 36–5–219(b), two distinctly different procedures for establishing paternity exist in Tennessee: (1) an "in-state" petition pursuant to § 36–2–101, *et seq.*, which requires the petitioner to prove paternity by a preponderance of the evidence; and (2) an URESA petition, which places the burden of disproving paternity on the respondent. Respondent thus argued that applying § 36–5–219(b) to the issue of paternity contravened his right to equal protection by impermissibly discriminating against him, as a URESA paternity respondent, in relation to "in-state" defendants.

The trial court agreed with respondent and dismissed the URESA petition. The State of Tennessee [1] directly appealed to this Court. We affirm the lower court's constitutional decision but remand for further proceedings.

■ Before reaching the constitutional question, a threshold issue exists as to whether the circuit courts of Tennessee have subject matter jurisdiction to decide the factual question of paternity under this State's version of URESA.[2] By virtue of T.C.A. § 36–5–209(b)(1), jurisdiction in all URESA proceedings is vested concurrently in the circuit and criminal courts. Chapter 477, Public Acts of 1985, § 15 amended § 36–5–209 by adding subsection (b)(3) which states that "[i]n addition, all proceedings hereunder in which the *ultimate issue is the paternity of a child,* jurisdiction shall also be vested in the juvenile courts

of this state." (Emphasis supplied.) While that amendment was not the most direct way to empower the courts of this state to decide paternity in URESA proceedings, and to include the juvenile court along with the circuit and criminal courts as having jurisdiction to try that issue, we think that was the intent of the legislature in enacting chapter 477, Public Acts of 1985.

This conclusion is consistent with the majority of courts, holding that paternity is justiciable under URESA even if the state's version of the statute does not expressly provide for such an action. *See State of Iowa ex rel. Nauman v. Troutman,* 623 S.W.2d 269 (Mo.App.1981); *Moody v. Christiansen,* 306 N.W.2d 775 (Iowa 1981) (under Uniform Support of Dependents Act paralleling URESA); *Clarkston v. Bridge,* 273 Or. 68, 539 P.2d 1094 (1975); *Yetter v. Commeau,* 84 Wash.2d 155, 524 P.2d 901 (1974); *Sardonis v. Sardonis,* 106 R.I. 469, 261 A.2d 22 (1970); *M—— v. W——,* 352 Mass. 704, 227 N.E.2d 469 (1967). The courts of Colorado and Ohio reached contrary conclusions, but their versions of URESA were subsequently amended to provide for a paternity action. *See Aguilar v. Holcomb,* 155 Colo. 530, 395 P.2d 998 (1964) (amendment at Colo.Rev.Stat.1973 § 14–5–128); *Smith v. Smith,* 11 Ohio Misc. 25, 40 Ohio Ops.2d 136, 224 N.E.2d 925 (1965) (amendment at Ohio Rev.Code Ann., § 3115.24 (1980)).

Thus, Tennessee provides two possible mechanisms for initiating paternity actions against alleged fathers subject to this State's in personam jurisdiction, and, as correctly noted by respondent, whether a paternity defendant is saddled with the ultimate burden of proof depends on which mechanism is employed.[3]

Whether the analysis proceeds under the federal or Tennessee constitution, the legislative restraint is the same: those who are

---

1. Pursuant to T.C.A. § 36–5–211, "the district attorney general shall represent the petitioner in any cause filed under the provisions of this part in any county within his judicial district, as set out in § 36–5–219."

2. Although raised by neither party, subject matter jurisdiction is always at issue. T.R.C.P. 12.-08; T.R.A.P. 13(b).

3. No dispute exists over the fact that if the paternity action is brought pursuant to T.C.A. § 36–2–101, *et seq.*, the ultimate burden of proof rests upon the plaintiff. *See Frazier v. McFerren,* 55 Tenn.App. 431, 402 S.W.2d 467 (1964); *Whipple v. McKew,* 166 Tenn. 31, 60 S.W.2d 1006 (1933) (legitimation proceeding).

similarly situated must be governed by the same rule of law and no arbitrary or capricious classifications can be made. *See Tennessee Dept. of Human Services v. Vaughn,* 595 S.W.2d 62 (Tenn.1980); *White Stores v. Atkins,* 202 Tenn. 180, 303 S.W.2d 720 (1957); *The Stratton Claimants v. The Morris Claimants,* 89 Tenn. (5 Pick.) 497, 15 S.W. 87 (1891).

■ This Court must determine, therefore, whether URESA paternity respondents are similarly situated or circumstanced, in a constitutional sense, to "in-state" paternity defendants as far as the burden of proof on the factual issue of paternity.[4] Both are accused of fathering a child and both deny paternity. The single difference is that the accuser of one resides outside the State of Tennessee and the accuser of the other resides within the State. Not only are the two defendants similarly situated before the courts of this State, but it is an offense to the doctrine of fundamental fairness that permeates the American judicial system to impose upon a defendant the burden of proving his innocence of fathering a child based upon the bare assertion of a non-resident mother. We hold that applying T.C.A. § 36–5–219(b) in an adjudication of paternity denies URESA respondents equal protection under the law.

In *Clarkston v. Bridge, supra,* after holding that Oregon's version of URESA provided an action for paternity, that state's Supreme Court reviewed *en banc* whether a URESA respondent was entitled to a jury trial on the factual question of paternity. After noting that in Oregon filiation proceedings an alleged father has a statutory right to a jury trial, the Court concluded that "[s]ince the issues involved in establishing paternity in a URESA pro-ceeding precisely parallel those raised in a filiation proceeding, we believe that, absent some distinguishing policy, parallel procedures should be followed." *Clarkston,* 539 P.2d at 1099.[5]

The State argues that the underlying purpose of URESA warrants the dissimilar treatment of URESA paternity respondents in relation to "in-state" defendants. As stated in *Martin v. Martin,* 213 Tenn. 345, 373 S.W.2d 609, 611 (1963) the goal of URESA is to provide "a simplified, fair and convenient way *to cause those who are obligated to support* their minor children without having to be extradited to another state." (Emphasis supplied.) Indeed, URESA's goal to simplify and reduce the costs of enforcing a paternal duty of support, *which has already attached* by virtue of judicial determination or admission, has been cited in support of procedural mechanisms unique to this statute. *Brown v. Thomas,* 221 Tenn. 319, 426 S.W.3d 496 (1968); *Martin v. Martin, supra; Sinclair v. Sinclair,* 196 Tenn. 538, 268 S.W.2d 573 (1954).

URESA's purpose will not support, however, discriminatory treatment between URESA respondents and "in-state" paternity defendants *before* the duty of support has attached. In other words, we agree with the *Clarkston* court that the paternity issues confronting an alleged father, whether asserted in an "in-state" or URESA petition, are "precisely parallel" and must be addressed through consistent procedure. Such holds true for the presumption of truthfulness attached to allegations of paternity in an URESA petition by virtue of § 36–5–219(b). Even if a URESA petitioner must bring the case entirely by deposition,[6] it is purely arbitrary to consid-

---

4. Although our opinion focuses upon the shift in the burden of proof effectuated by § 36–5–219(b), the principle announced is likewise applicable to the presumption of truthfulness and prima facie case of liability imparted by that statute.

5. *See also Borchers v. McCarter,* 181 Mont. 169, 592 P.2d 941, 944 (1979) (incorporating provisions of Montana's "Uniform Parentage Act" into URESA paternity action).

6. Respondent's brief raises the issue of whether permitting an URESA petitioner to bring a paternity action by deposition denies a URESA respondent equal protection because such a respondent would not have the same opportunity to cross-examine afforded his "in-state" counterpart. Although this issue is not before the court, we note that the URESA respondent would have an opportunity to cross-examine, although through deposition or interrogatory.

er allegations of paternity more trustworthy because asserted in a URESA petition rather than in an "in-state" complaint.

We affirm the lower court's decision to the extent that it held it unconstitutional to apply § 36–5–219(b) in an adjudication of paternity under URESA. The trial court's dismissal of the URESA petition, at least at the present stage, was improper. This cause is remanded for further proceedings consistent with this opinion. Costs are adjudged against the State.

BROCK, C.J., and COOPER, HARBISON, DROWOTA, JJ., concur.