SINCLAIR *v.* SINCLAIR.

(*Jackson,* April Term, 1954.)

Opinion filed May 21, 1954.

AARON BROWN, of Paris, for plaintiff in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit was originated in the Circuit Court of Henry County by a petition filed by Mrs. Betty Sinclair against Robert Sinclair "for support under Uniform Support Act". The summons commanded the Sheriff to summon Robert V. Sinclair to appear before the Judge of the Circuit Court and to answer Mrs. Betty Sinclair "in her petition for support under the Uniform Reciprocal Support Act." This summons was executed as commanded and Robert Sinclair answered in due course.

In the answer he admitted that he and Betty Sinclair were married in Tuscaloosa, Alabama, in 1945 and that their marriage had been dissolved by divorce in the law court of Henry County in 1952. He alleged that the divorce was due to the misconduct of Betty Sinclair. He further admitted that he was the father of Bobby Sinclair, aged five, but had not been able to ascertain his residence prior to this suit. He denied that he was subject to the Act under which the action was brought to wit: Act 879, page 1515 of the 1951 Legislature of Alabama which is a reciprocal enforcement support act. He further avers and alleges that the present suit is unconstitutional because service of the petition of Betty Sinclair against him in the Alabama court was without due process. It is on this last averment that the present suit comes to this Court. Other allegations were made in the petition to the

effect that the court of Tennessee did not have jurisdiction of the child and that the custody of the child by the mother in Alabama had been obtained in an unlawful way and that for this reason he should not be ordered to support the child; and further that by reason of the unlawful manner in which the child had been obtained by the mother that the jurisdiction of the Alabama Court was destroyed; that there was nothing before the Tennessee court to show that the mother was the proper and fit person for the custody of the child.

After this answer was filed the court on December 4, 1953, heard evidence adduced in open court and after hearing this evidence the Tennessee court ordered that the Alabama decree be allowed; that the defendant be required to pay to the Clerk of the Circuit Court of Henry County, Tennessee the sum of $10 weekly, beginning December 7, 1953, in payments every two weeks and the costs of the cause. This was the amount decreed by the Alabama Court. Following this order of the court a motion for new trial was seasonably prayed and the matter appealed to this Court by reason of the constitutional question involved.

This suit was originated in the Alabama court under what is termed as the ''Reciprocal Enforcement of Support Act'' as the initiating State. The Legislature of this State passed an almost identical Act in 1953, the Act of this State is Chapter 188 of the Public Acts of 1953 as is found on page 684 of the Public Acts. Under our Act, as well as the Alabama Act, a certified copy of the Act is attached to the petition for support for this minor child. A certified copy of the decree entered by the Alabama Court is attached to the summons in the instant case. Both of these requirements are complied with here. The

Acts, both in Alabama and Tennessee, provide that a simplified petition may be filed setting forth the cause and the nature of the support desired and for whom. This petition set forth the fact that Betty Sinclair sought support for their minor son, five years of age, that she was unable to support the child and that the father should be ordered to support it. The Alabama Court fixed the amount of the support at $10 per week. As heretofore said this decree petition, certified copies of the Act, etc., were filed here in Tennessee and the defendant answered.

The Acts in question go on to provide that the Judge of the initiating State (Alabama in this case) can then decide whether or not the facts as heard by the initiating court show the existence of a duty of support. If he does decide there is a duty of support he so orders the support and then sends a copy of the petition and a copy of the Act to the Court of the State where the defendant is. Then that Court, the Court where the defendant resides, takes steps to obtain jurisdiction of the father or his property and holds a hearing and if he finds a duty of support exists this responding Court or the Court having jurisdiction of defendant may order the defendant to furnish support. These things were done exactly as the Acts provide and the judge of this State after hearing proof on the matter determined that there was a duty of support and he fixed this amount the same as the Alabama Court had.

After this is done the judge of this State sends a copy of his order back to the initiating State, that is in this case to the Alabama Court. The Court of this State under our act as well as under the Alabama Act are given the power to enforce its orders and then when payments are

made into the Clerk of the Court of this State these payments are transmitted to the initiating Court that is the Alabama Court and that Court disburses them.

Obviously this two State procedure can be carried out with the minimum of expense.

The principle question here raised is that this proceeding is void because it is not obtained by due process as contemplated under and by virtue of the Fourteenth Amendment of the Constitution of the United States:

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

█ █ It seems clear to us that the action herein preserves due process, for each party pleads in his own court.

> "Due process of law, means, in the due course of legal proceedings according to the rules and forms which have been established for the protection of private rights; * * *." *Reynolds* v. *Baker,* 46 Tenn. 221, 228.

In the instant case the proceeding was instituted in Alabama, the initiating State, and then sent to Tennessee where service process was had on the defendant, the defendant answered and offered proof in support of his answer. The trial judge in Tennessee on this proof and petition determined that this minor child was entitled to support and that the payments decreed by the Alabama Court were reasonable under the circumstances, from the proof and facts that he had heard in Tennessee. It thus clearly appears that due process is preserved and that the defendant in Tennessee had his day in court and

the judgment only was rendered against him after he had an opportunity to offer proof. It is on this proof that the Tennessee court has decreed that the support is due and is reasonable under the circumstances, that is, from the proof heard in the Tennessee court.

It thus appears to us that there is nothing illegal or objectionable to this action. The fact is it appears to be a simplified and fair and convenient way to cause those who are obligated to support their minor children to do so without having to be extradited to another State. Nothing in this case involves the right of custody of a child, that is something that will have to be determined in another procedure. The only thing that is determined here is the well recognized law of this State that a father is liable for the support of his minor children. See authorities collected in *Davenport* v. *Davenport*, 178 Tenn. 517, 160 S. W. (2d) 406. After a thorough consideration we hold that the decree below must be affirmed.