McCALEB, Justice.
 

 This is a proceeding under the Uniform Reciprocal Enforcement of Support Law, Act No. 510 of 1952, LSA-R.S. 13:1641-13:1672, which was enacted for the purpose of providing an additional and much needed means of compelling parents, who have absconded to other States, to fulfill their legal obligation of support for their children. Similar statutes have been adopted in every other State of the Union except Nevada.
 

 The method of operation, the nature of the proceedings under and the benefits of the Act have been succinctly described and commented upon in a memorandum prepared and presented to the 1953 Annual Meeting of the National Association of Attorneys General, which was quoted in part approvingly by the Court of Appeals of Maryland in the recent case of Commonwealth of Pennsylvania, for Use of Warren v. Warren, 204 Md. 467, 105 A.2d 488, 489, as follows:
 

 “ ‘The basic method of operation under the reciprocal acts is quite simple. An obligee (person to whom duty of support is owed) petitions the designated court in her home commun
 
 *413
 
 ity; that court verifies the petition, attaches its certificate, and transmits the case to a court in the responding state where the obligor (person owing support) is now present; the responding state court takes jurisdiction over the obligor, ascertains whether a duty of support is owed, and enters the necessary support order. Interrogatories and depositions are used if the obligor denies that he is liable. The proceeding is civil in nature and confrontation is not necessary. As might well be. expected, such a novel approach to the interstate enforcement of support duties is bound to run into certain difficulties caused by varying interpretations, lack of understanding, and occasional lack of cooperation. On balance, however, it appears that the reciprocal support laws have been remarkably effective and are bringing in many hundreds of thousands of dollars in support payments that would otherwise have to be paid in public relief costs.’ ”
 

 The facts in the case at bar are that Herman and Verna Freeman were married in Arkansas in 1937 and divorced in Mississippi in 1947, the Mississippi court ordering respondent to pay $75 per month for the support of his three minor children born of the marriage, whose ages are now 16, 13 and 11. After the divorce, Mrs. Freeman and the children returned to Arkansas. Respondent holds a responsible position in New Orleans, where he now resides, but has made only three monthly payments under the 1947 Mississippi decree.
 

 In October of 1953, Mrs. Freeman initiated the present proceeding in Arkansas under the Uniform Reciprocal Enforcement of Support Act of that State, Ark. Stats. § 34-2401 et seq. On the basis of her petition, which was. supported by proof, the Chancery Court of Hempstead County, Arkansas, certified that respondent owed a duty to support his three children and ordered that certified copies of the proceedings be transmitted to the Juvenile Court for the Parish of Orleans. Upon receipt of this finding and order, the Juvenile Court in New Orleans issued a rule for respondent to show cause why he should not be compelled to provide support for his children. On the return day, he moved to quash the rule and also filed a plea to the jurisdiction of the court. These pleadings were overruled and, after the conclusion of the hearing, the judge found respondent “to be in contempt of the law” in failing to contribute to the support of his children and sentenced him to pay a fine of $100 pr serve 30 days in the Parish Prison. Respondent has appealed.
 

 In his motion to quash, respondent contends that, the statute is invalid because it deprives him o.f the right vouchsafed by the Sixth Amendment to the Constitution of the United States and by Article 1, Section 9 of the Louisiana Constitution to be confronted, with the witnesses against him and is. also violative of the. same sec
 
 *415
 
 tion of our Constitution requiring that prosecutions shall be by indictment, information or affidavit.
 

 There is no merit in these contentions- because they are founded on the faulty premise that this is a criminal prosecution and not a .civil proceeding. The statute, it is true, contains provisions for criminal enforcement but those provisions relate solely to a special extradition procedure which has not been invoked in this case.- This proceeding follows the course prescribed in t,he Act under Sub-Part C, Sections 1661-1672 for “Civil. Enforcement”,- which is, indeed, practically identical, with the-simple rule for alimony tried in our district courts nearly every day.
 
 [1]
 

 We find untenable the argument of cotinsel for respondent thát this is a. criminal prosecution because the' Act grants the court authority to require the defendant to furnish a bond to insure the payment of support. This merely provides additional means to secure performance by defaulting parents of their legal and natural obligation but, in any case, it is doubtful that the provision, could be enforced if the defendant were unable to furnish bond.
 

 We also find no substance in the plea to the • jurisdiction' of the Juvenile Court for the Parish of Orleans which is grounded on the contention that the court’s, jurisdiction “ * * * of all cases of desertion or non-support of children by either parent, * * * ” (see Section 96 of Article 7 of the Constitution) is limited to-criminal proceedings brought under LSA-R.S. 14:74. Obviously, the grant of jurisdiction “of all cases of desertion or nonsupport” includes civil as well as criminal.
 

 On the other hand, it is manifest that the judge erred in holding respondent guilty of contempt and sentencing him to-pay a $100 fine
 
 or
 
 serve 30 days in prison, as such a judgment was not responsive to the rule issued in the case, which was that respondent show cause why he should not be ordered to pay a sum to be determined •by the Court for the support of his three minor children.
 

 Because of this, the case will be remanded in order for the judge to fix the sum which he deems proper for respondent to pay as alimony for support of his children, and also the time of and conditions pertaining to such payments.
 

 The judgment appealed from is accordingly reversed and the case is remanded, for further proceedings conformable with law and consistent with the views herein expressed.
 

 [1]
 

 . In Commonwealth of Pennsylvania, for Use of Warren v. Warren, 204 Md. 467, 105 A.2d 488, the .Court found that the proceedings under the Maryland statute were of an equitable nature and that the '■ defendant was hot entitled to trial by jury. Also, in Duncan v. Smith, 262 S.W.2373, the Court of Appeals of Kentucky rejected the plea that proceedings under the Kentucky statute, similar to the instant case, were of a criminal nature.