STATE OF TENNESSEE, DEPARTMENT OF PUBLIC WELFARE, PLAINTIFF IN ERROR, *v.* ASA PERRY, JOHN D. VANOVER, JOHN H. ANDERSON, SR., HOWARD KERNS, AND ANTONE MALENOVSKY, DEFENDANTS IN ERROR.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

BESS BLAKE, of Nashville, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Tennessee's Department of Public Welfare filed in the Law Court of Roane County a separate petition against each of the five persons named in the caption of this opinion as a defendant in error. The controlling allegations are the same in each petition. This opinion will be treated as response to the appeal by the State in each of the five cases.

According to each petition, the defendant, residing in some State other than Tennessee, has a wife and minor children in Tennessee in such destitute circumstances that Tennessee, functioning through its Department of Public Welfare, has, under existing laws, expended for the necessary support of such destitute dependents the amount stated in the petition; and that the amount which the State will continue to have to pay for such support is the amount set out in the petition. The State in which the defendant is said to live, and his address there is stated.

The petition does not pray for process, but it does pray (1) that the State be given a personal judgment against the defendant for the amount which the petition says the State has advanced for the necessary support of these dependents, and (2) adjudge and order the defendant to

pay the amount which the Court shall deem fair and reasonable for the support of these persons based on the "budgetary deficiency" given in the petition, and (3) for costs. No opportunity for a hearing to be afforded the defendant prior to the entry of this personal money judgment and order for additional payments by him each month is contemplated by the petition.

The Circuit Judge dismissed each petition on the theory that any personal judgment rendered under the circumstances stated would be void for lack of jurisdiction over the person of defendant.

The State has appealed and, by its assignments of error, says that the Circuit Judge erred in so acting. It bases its contention upon the provisions of Chapter 188 of the Public Acts of 1953, and upon the decision of this Court in *Sinclair* v. *Sinclair,* 196 Tenn. 538, 268 S. W. (2d) 573. We think the State has misconstrued Chapter 188, and the decision of this Court in the Sinclair case.

Chapter 188 intends to deal with two situations with reference to persons having the obligation to support a wife and minor children to the reasonable extent of his ability in accordance with their needs. The first of these situations is when the wife and children are living in this State while the delinquent husband-father is living in a different State. In this situation Chapter 188 calls Tennessee the "Initiating State".

It is intended by the provisions of Chapter 188 to set up machinery whereby the Initiating State may take steps which will finally result in bringing the allegedly delinquent husband-father in the State where he resides to a trial wherein, after a hearing, he may be ordered by the Courts of that State to pay each month the amount found by that Court to be reasonable and necessary, and in accordance with his ability, for the support of this

destitute wife and children in Tennessee, the Initiating State, if the evidence presented at such hearing justifies in fact and law such an order. The State in which the trial is had after process served upon the defendant is called by Chapter 188 the ''Responding State''.

In the case at bar Tennessee is the initiating State. In the Sinclair case Tennessee was the State denominated by Chapter 188 as the ''Responding State''. To determine then whether the Court erred in dismissing this petition, aside from constitutional questions, we need only to look to the provisions of Chapter 188 with reference to the Court action authorized in Tennessee when Tennessee is the Initiating State.

In so far as it concerns the case at bar, a petition may be filed by Tennessee in the Circuit Court when the State has furnished money for the support of the destitute wife and children residing within her borders. It should state in that petition the amount it has advanced and the amount necessary, in its opinion, for the reasonable support of this wife and children, and that the defendant resides, according to the information of petitioner, at a specified address in a specified State. When such a petition is filed the Court is authorized to certify that such a petition was filed, and its allegations, and forward such to the proper Court of the State in which the petition says this father lives. The State to which the certificate is forwarded is the responding State.

Chapter 188 is supposed to be an act uniform with that of other States upon the subject in question. Presumably, therefore, it is intended by this Chapter 188 to forward this certificate to other States having such reciprocal legislation. The thought is that when the responding State receives this certificate it will institute the nec-

essary proceedings to bring the defendant husband-father in Court for a hearing upon the charges contained in the petition.

The whole plan amounts to no more than the fact that the States, acting under uniform and reciprocal acts, are assuming the initiative in bringing delinquent and absconding fathers and husbands to a hearing with reference to the support of their destitute wives and children left in another State, and the entry of an order by the Courts of the State in which the husband or father resides whereby such support is procured to the extent that the facts developed at such hearing justify an order.

[1,2] There is nothing in Chapter 188 which purports to authorize a Court of Tennessee, as the Court of the initiating State, to enter a personal judgment against a non-resident husband-father upon the ex parte petition, when that husband-father is not personally before the Court, and afforded no opportunity to be heard. In such a situation the Tennessee Court, of course, had no jurisdiction of the person of the defendant. Any order it might have entered to that effect would have been void.

In *Sinclair* v. *Sinclair,* supra, Alabama was the initiating State and Tennessee was the responding State. Upon the certificate of the Alabama Court, Tennessee, through its agents, instituted suit against the delinquent husband-father under the provisions of Chapter 188. Service was had upon him. He was given an opportunity to be heard, and after a hearing based upon the proof therein presented the Court entered a judgment against this husband-father. Such, of course, is not the situation in the case at bar. Hence, the Sinclair case is not at all in point.

The judgment of the Circuit Court will be affirmed, with all costs adjudged against the State of Tennessee, and its Department of Public Welfare.

ROBERT S. CLEMENT, Special Justice, did not participate in the consideration of this case.