396 So.2d 434 (1981)
Anne E. GAMBINO
v.
Adolph E. GAMBINO, a/k/a Frankie Brent.
No. 11612.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
Rehearing Denied April 20, 1981.
*436 Mollere, Flanagan & Arceneaux, James T. Flanagan, Metairie, for plaintiff-appellee.
Tooley, Waldmann & Weidner, John F. Tooley, Jr., Gretna, for defendant-appellant.
John M. Mamoulides, Dist. Atty., 24th Judicial District Court for the Parish of Jefferson, William C. Credo, III, Asst. Dist. Atty., Gretna, for State of Louisiana, Parish of Jefferson.
Before REDMANN, SCHOTT and HUGHES, JJ.
HUGHES, Judge.
This is an action for child support initiated on March 16, 1978 in New Jersey and transferred to Louisiana under the Uniform Reciprocal Enforcement of Support Act. It was filed in the Juvenile Court for Jefferson Parish on April 7, 1978. The plaintiff, Anne Gambino, sought alimony for the support of her daughter, Nicole Gambino, and on February 14, 1980 the trial court condemned the defendant-father, Adolph Gambino, to pay the amount demanded which was fifty dollars per week from the date of judicial demand and continuing during the child's minority. The defendant was also ordered to pay the child's future medical and dental expenses, but certain claimed medical expenses were denied. Defendant appealed and we affirm.
A variety of issues are raised by this appeal. The defendant contends: (1) that the juvenile courts of Louisiana do not possess jurisdiction over URESA actions; (2) that URESA is unconstitutional; (3) that the plaintiff's claim for support was subject to a laches, estoppel or prescription defense; (4) that the support award should not be retroactive to the date of judicial demand; (5) that the trial court erred in failing to require plaintiff to prove that the child was in necessitous or destitute circumstances; (6) that the medical expense provision of the judgment was not supported by the evidence and the amount of support was excessive, and; (7) that the trial court erroneously applied the Full Faith and Credit Clause to the certification of the New Jersey Court.
These parties were married on November 9, 1966 in Virginia and on May 29, 1967 they acquired a residence and some apartments in New Jersey. Later they had a child, Nicole Gambino, who was born on January 20, 1968. In December of 1969, defendant conveyed to plaintiff all of the New Jersey property which they had acquired in 1967 in the names of Adolph F. Gambino and Anne E. Gambino. Then, on April 11, 1972, they were divorced in New Jersey by a judgment which granted custody of Nicole to her mother, but it made no mention whatsoever of child support.
In this action, Mrs. Gambino claims that she has received no child support since the divorce in 1972 but she testified that Mr. Gambino paid the mortgage payments on her property for about a year after they separated in 1969. Mr. Gambino contends that he conveyed the New Jersey property to Mrs. Gambino in full settlement of all future claims to alimony for herself or for support of Nicole. Defendant acknowledged Nicole as his legitimate child and that he has not been paying anything for her support beyond that which he provided for her benefit when he gave her mother the property in New Jersey.

THE JURISDICTIONAL ISSUE
The trial judge was initially concerned about challenges bearing on the jurisdiction of the Juvenile Court for Jefferson Parish but ultimately resolved the issue against defendant who suggests that we should remand the case to the 24th Judicial District Court in Jefferson Parish where defendant resides.
The Louisiana Constitution of 1974 provides in Article V, Section 18 that the Juvenile and Family Courts have jurisdiction as provided by law. The Revised Uniform Reciprocal Enforcement of Support *437 Act (1968), La. R.S. 13:1641, et seq., specifically provides that jurisdiction over URESA proceedings is vested in the juvenile courts. La. R.S. 13:1664. Venue provisions declare that the petition may be filed in the parish where the defendant resides. La. R.S. 13:1673(B). These jurisdictional details were carried over into the Louisiana Code of Juvenile Procedure which became effective on January 1, 1979 which declares that exclusive original jurisdiction over URESA support actions is vested in courts exercising juvenile jurisdiction. La.Code of Juv. Proc.Art. 16(A)(4). We conclude that under either La. R.S. 13:1664 or the La.Code of Juvenile Procedure, the Juvenile Court of Jefferson Parish had exclusive jurisdiction over this action for support.
Plaintiff contends on appeal that because this was tried as an action within the scope of URESA he was denied Equal Protection of the Laws and Procedural and Substantive Due Process. This is predicated on his assertion that the Juvenile Court refused to consider and honor his contractual settlement with Mrs. Gambino, specifically the 1969 transfer of property to her in full settlement of all future claims for support for herself or for Nicole. At oral argument plaintiff's counsel contended also that he was denied the opportunity to confront witnesses and to recover his property.
The civil enforcement provisions of URESA have been challenged as unconstitutional elsewhere and here, unsuccessfully. Missouri and Tennessee courts have held that URESA does not violate due process requirements. Ivey v. Ayres, 301 S.W.2d 790 (Mo.1957) and Sinclair v. Sinclair, 196 Tenn. 538, 268 S.W.2d 573 (1954). California courts have held that URESA does not deny equal protection of law. Harmon v. Harmon, 160 Cal.App.2d 47, 324 P.2d 901 cert. denied, 358 U.S. 881, 79 S.Ct. 120, 3 L.Ed.2d 110 (1958) and Smith v. Smith, 125 Cal. App.2d 154, 270 P.2d 613 (1954). In Pennsylvania and Louisiana URESA survived arguments that it unconstitutionally denied a right to confrontation. Commonwealth of Pa. v. Shaffer, 175 Pa.Super. 100, 103 A.2d 430 (1954); Freeman v. Freeman, 226 La. 410, 76 So.2d 414 (1954).
It is our view that URESA as enacted in Louisiana does not violate any procedural or substantive right of due process or any right to equal protection or any right to confrontation of witnesses in a civil proceeding. Furthermore, the evidence and record before us would not support any of the constitutional objections raised by defendant.
There were four hearings in the Juvenile Court in Jefferson Parish and defendant was permitted to submit written interrogatories to plaintiff and to take oral testimony from her and from a former employer in New Jersey in the initiating court. Defendant's Louisiana counsel represented him in New Jersey and interrogated both witnesses who testified there. He was also permitted to examine land records, bank records, Mrs. Gambino's check registers, her personal financial records and her tax returns. There is no indication that he was denied access to any place where public records were kept or refused permission to examine anything he wanted to see or that he was not allowed to represent Mr. Gambino in New Jersey.
The Juvenile Court in Jefferson Parish allowed Mr. Gambino to testify and present hearsay and opinion evidence. The trial judge, acting within the limits of his discretion, afforded Mr. Gambino every opportunity to submit evidence bearing on defenses which Mr. Gambino's counsel thought were relevant. Defendant was allowed to submit all of the evidence he apparently possessed bearing on the economic situations of Nicole and her mother and bearing on the purported contract between himself and plaintiff and concerning him own economic situation. It is our view that after everything was introduced, whether it was properly admitted or not, Mr. Gambino simply failed to prove the existence of any contract concerning alimony and child support. Even viewing the evidence most favorably to defendant, he really claimed nothing more than an oral agreement with Mrs. Gambino's sister. Mrs. Gambino testified without contradiction that defendant *438 paid the mortgage installments on the property for a year or so after he transferred the property to her which tends to contradict his contention that the 1969 property conveyance was a final settlement. Mrs. Gambino also flatly denied that she ever made any agreement concerning Nicole's support. Even the deed between the parties fails to support defendant's claim that there was a settlement contract. The conveyance was on a plain warranty deed form which recited that the consideration was "One Dollar and Other Valuable Consideration." The deed also contained a recital that the property was subject to a $22,000.00 mortgage with a balance due at the time of sale of $18,000.00. Mr. Gambino's intention was mentioned but that paragraph in the deed said nothing about an agreement concerning support for Nicole. The trial judge indicated that he viewed the 1969 conveyance as simply a transaction that allowed Mr. Gambino to rid himself of a burdensome asset at a time when he was traveling extensively and not earning a great deal. He apparently was of the opinion that the alleged contract was not proved. The evidence amply supports that conclusion and we agree with it.
As far as equal protection is concerned, it is our view that Mr. Gambino is obliged to provide the same support for his daughter that any other Louisiana parent owes his child. The fact that this action is under the aegis of URESA does not impair or diminish any of his rights and it does not increase or add anything to his duty to support his daughter and there is no evidence of any unequal or discriminatory treatment either provided for by law or practiced or condoned by the trial court or the initiating court.

DELAY IN INITIATING DEMAND
It is defendants contention that plaintiff should not be allowed to wait six years before initiating her demand for support. This contention was in part based on his assertions that Mrs. Gambino enjoyed the benefit of the alleged lump sum alimony and child support settlement which we have concluded was not proven to exist.
The trial court held that in this case no principle of laches or equitable estoppel would warrant that court to refuse to grant an award for support in these proceedings. It is our view that there are no prescriptive limitations on the right to initiate an action for support of an unemancipated minor child, during the child's minority. We likewise agree with the trial court's conclusion that neither laches nor estoppel bar a long delayed demand for the support of a minor child.

ARREARAGES
Defendant contends that the trial court erred in granting arrearages and in ruling that the duty to support commenced on March 30, 1978. The word arrearages means money that has not been paid when due. La. R.S. 13:1663 specifically permits enforcement of claims for arrearages. In this case, however, there was no demand for any support allegedly due before this action was instituted and the trial court made no award for any period prior to March 30, 1978. We therefore find that no arrearages were claimed and none awarded. There was a long delay between initiation of the suit and rendition of judgment, on February 14, 1980. The trial court was fully authorized and empowered to award support for the period of time between the date of demand and the date of judgment.
We note also that defendant was allowed a year in which to pay the support that occurred between demand and judgment. This had the effect of a suspension of the duty to pay support. According to the judgment of February 14, 1980, all sums due should have been paid by now, but plaintiff's counsel asserts that they have not. The trial court correctly ruled that defendant was not entitled to a suspensive appeal from the February 14, 1980 judgment and we will not further suspend defendants obligation to pay support forthwith.

NECESSITOUS CIRCUMSTANCES
Defendant contends that the trial court should have required plaintiff to *439 prove that the child was in destitute or necessitous circumstances before making any award of support. The trial judge correctly resolved this contention against defendant. The record does reflect that there initially was some confusion in this case concerning the applicability of the criminal neglect of family provisions of the Louisiana Criminal Code, La. R.S. 14:74. Nevertheless this action, even though initiated in New Jersey under URESA, must be considered in Louisiana like any other suit or rule for enforcement of the civil obligation to support a minor child. Freeman v. Freeman, supra.

MEDICAL EXPENSES
Defendant contends that there was no evidentiary support for the trial court's order directing plaintiff to pay the medical and dental expenses of his daughter. We note that the trial court properly refused to require defendant to pay for surgery on Mrs. Gambino.
Mrs. Gambino testified that she and Nicole had an annual drug expense of $120.00 and annual dentist expense of $100.00 and an annual doctor expense of $480.00 for a total medical expense of $700.00. She testified that about one half was for Nicole and one half for herself.
As we appreciate the trial court's judgment, it does not require Mr. Gambino to pay any medical expenses prior to the date of judgment, February 14, 1980. Mrs. Gambino's uncontradicted testimony that the child has some normal routine medical expenses is sufficient evidence to support the trial court's order that Mr. Gambino pay all the child's medical and dental expenses in the future.

FULL FAITH AND CREDIT
If the trial court considered the petition certified by the initiating court to be a judgment entitled to Full Faith and Credit under Art. IV, Sec. 1 of the Constitution of the United States, it was in error. The judge of the appropriate court in the initiating state must certify the petition. As we see it, the certification requirement for petitions should be considered by the judge of the responding court as merely an indication that the certifying judge believes that a duty to support probably exists and that the claim probably is entitled to be considered by the responding court as a URESA case. It has been viewed as being similar to the probable cause requirement in warrant cases; it does not result in a determination that binds the court later in adjudication of the merits of the case. Kirby v. Kirby, 338 Mass. 263, 155 N.E.2d 165 (1959). We are not aware of any reported case in Louisiana or in any other State that a petition certified under URESA is a judgment entitled to Full Faith and Credit.[1] The law is clear that the responding court must make its own independent determination of whether or not a duty of support exists. La. R.S. 13:1678.
In the final hearing conducted in the Juvenile Court of Jefferson Parish on May 7, 1980, the trial judge stated:
... I had my doubts as to whether or not the child actually fit the criminal neglect statutes of the State of Louisiana. However,... that is not actually what we are doing. What we are doing here is in effect, enforcing the Uresa statutes and the judgment of another court, or the orders of another court. ... (W)hat I'm saying is that I'm having to go by what the jurisdiction in New Jersey could have ruled, not necessarily the jurisdiction of Louisiana. I don't think I'm going by the Louisiana task (sic).
We find that in spite of this comment, the Reasons for Judgement filed by the trial judge indicate that he correctly decided this case on the basis of Louisiana law and without apparent application of Art. IV, Sec. 1 of the Constitution of the United States.
*440 We therefore affirm the judgment rendered below and order Adolph E. Gambino to immediately pay all past due support and future payments of support to the Clerk of Court of the Juvenile Court for the Parish of Jefferson for the benefit of Anne Gambino and transmittal to the Clerk of the Juvenile and Domestic Relations Court in and for the County of Cape May New Jersey as required by LSA R.S. 13:1682. The Clerk of the Juvenile Court for the Parish of Jefferson is hereby directed to send a copy of this opinion and order to the Clerk of the Juvenile and Domestic Relations Court in and for the County of Cape May, New Jersey as required by La. R.S. 13:1679. All costs of this appeal are taxed to appellant.
AFFIRMED.
NOTES
[1] Orders of support that might be entitled to Full Faith and Credit can be certified and forwarded to Louisiana La. R.S. 13:1677.