FRED W. JONES, Jr., Judge.
In an action brought under the civil enforcement provisions of the Uniform Reciprocal Enforcement of Support Act [“URE-SA”], La.R.S. 13:1661-1688, the defendant father was ordered to pay $750 per month for the support of his children. Defendant appealed the judgment fixing child support, contending that the award was grossly excessive under the circumstances.
By judgment dated June 16, 1980, rendered in the Sixth Judicial District Court for Madison Parish, Willa Ann Shows received a legal separation from Larry Wayne Shows, the custody of their four minor children, and an award of $550 per month child support. On August 26, 1982, Mrs. Shows was awarded a divorce judgment by a Mississippi court, but no mention was made therein of child support.
This URESA proceeding was initiated on September 29, 1982 when Mrs. Shows filed a Bill of Complaint in a Mississippi Chancery Court, alleging that her former husband was not meeting his child support obligation. Pursuant to URESA, a copy of that complaint was forwarded to and filed in the office of the Clerk of Court of Madison Parish, where the defendant father allegedly resided. Thereupon, an assistant District Attorney for Madison Parish filed a petition on behalf of Mrs. Shows requesting the juvenile court to fix a hearing date, order defendant to appear thereat, and fix an appropriate child support award.
At the hearing Mrs. Shows testified that she was unemployed [having lost her former job] and that her estimated monthly expenses [for herself and three children living at home] were $1147.95. She further stated that her former husband was a self-employed mechanic who, during their marriage [when she kept his business records] *109 had an average monthly income of from $1600 to $2000.
On his part, the defendant testified that he was in severe financial straits, could not pay the utility bills for his garage, had to live with his mother, and was heavily in debt.
At the conclusion of the hearing, there was rendered against the defendant father a judgment containing the following pertinent clause:
“[tjhat the Respondent herein shall pay as and for child support for his minor children, namely: Larry A. Shows (11-30-62) and Robin Ann Shows (06-29-64) both above the age of majority and Brian Keith Shows (06-28-68) and Debra Lynn Shows (10-08-69), the sum of $750.00 per month ...” (emphasis added)
As explained in Freeman v. Freeman, 226 La. 410, 76 So.2d 414 (1954):
“The basic method of operation under the reciprocal acts [URESA] is quite simple. An obligee (person to whom duty of support is owed) petitions the designated court in her home community; that court ■verifies the petition, attaches its certificate, and transmits the case to a court in the responding state where the obligor (person owing support) is now present; the responding state court takes jurisdiction over the obligor, ascertains whether a duty of support is owed, and enters the necessary support order_the proceeding is civil in nature.”
The history of the URESA indicates that its primary purpose is to prevent an obligor from avoiding his parental duty of support simply by living in a different state from his children. However, where URESA is employed, the obligee must prove his case as in any other civil action. La.R.S. 13:1677; City and County of San Francisco v. Juergens, 425 So.2d 992 (La.App. 5th Cir.1983).
The task of the juvenile judge in eases of this nature is to determine what duties of support the obligor present in this state owes under, our laws. La.R.S. 13:1644, 1661.
Louisiana mandates that minor children are owed support by both parents. La.C.C. Arts. 227, 230. However, such awards are subject to a hearing on proof of the child’s needs and the ability of an obli-gor parent to pay. Ducote v. Ducote, 339 So.2d 835 (La.1976); Savoie v. Curtis, 354 So.2d 705 (La.App. 4th Cir.1978). Further, the obligations imposed on parents under Article 227 to support, maintain and educate their children terminate when the minor reaches the age of majority. Suire v. Miller, 363 So.2d 945 (La.App. 3rd Cir.1978).
The support provisions of the judgment in this case are obviously inconsistent — ordering payment of support for four minor children and then expressly describing two of them as being above the age of majority. If, as it appears, the monthly award of $750 was intended to include support for the two adult children, this is not a duty of support owed under our laws, as required by the URESA. In such ease, enforcement of an alimentary obligation owed by the parent to the child [La.C.C. Art. 229] would have to be initiated by the child directly against the parent.
Under the circumstances, the juvenile court erred as a matter of law in fixing the child support award of $750 per month. However, rather than remanding the case for another hearing, we have determined upon our review of the record, considering the needs of the two minor children and the ability of the defendant father to pay, that the child support award should be fixed at the sum of $350 per month.
For these reasons, the pertinent support provisions of the juvenile court are amended and recast to provide “that Larry Wayne Shows shall pay as and for child support for his minor children, Brian Keith Shows and Debra Lynn Shows, the sum of $350 per month” and, as amended and recast, the judgment is affirmed.