KLIEBERT, Judge.
The former wife, June Bonvillian, obtained from a New Jersey Court a support order for herself requiring Sidney Bonvilli-an, her former husband, to pay support (alimony) of $670.00 per month plus $297.00 for counsel fees. She then sought to enforce it before the Jefferson Parish Juvenile Court pursuant to the Uniform Reciprocal Enforcement of Support Act[1] (URE-SA). - Following hearings, the Juvenile Court, under the authority of LSA-R.S. 13:1685, based on the evidence presented by the husband, modified the order to provide support (alimony) payments to her of $350.00 per month commencing on August 1, 1990. It further directed a payment commencing on August 1, 1990 of $25.00 per month on the arrearage, i.e., $350.00 per month from March 30, 1989 (the date *1162 the action to enforce was instituted in Jefferson Parish) to August 1, 1990.
The former husband brought this devolu-tive appeal raising two issues: (1) Did the Juvenile Court have jurisdiction, and (2) has the husband’s constitutional rights (in assignment of errors said to be “due process, equal protection, etc.”) been violated? No issue is raised as to the amount of the support award. For the reasons hereafter stated we affirm the judgment of the juvenile court.
The facts are as follows: Mr. and Mrs. Bonvillian were married in July 1957, a second marriage for both. A marital domicile was established in New Jersey. The couple had only one daughter who was approximately thirty (30) years old at the time of the hearing. In June 1984 Mr. Bonvillian left his wife and returned to Louisiana. Some time following the husband’s departure, divorce proceedings were instituted by the wife apparently in accordance with New Jersey law in the Superior Court of New Jersey, Chancery Division, Family Court, Gloucester County, Docket. No. FM-00937-88. On April 28, 1988, a support order was rendered by the New Jersey court ordering the husband to pay to the wife $670.00 per month in support, retroactive to March 9, 1988 (the date of the wife’s initial application to the New Jersey court) and ordering him to pay the wife’s attorney’s fees amounting to $297.00.
The wife instituted a URESA action in New Jersey, the initiating state, and ultimately on March 30, 1989 filed and registered her claim in Louisiana, the respondent state. The former husband initially filed exceptions and motions grounded in the following contentions: (1) he was not subject to the jurisdiction of the New Jersey court at the time the New Jersey judgment was rendered, (2) the proceedings against him were, under the provisions of R.S. 13:1641, insufficient to obtain a personal judgment against him therefore he is entitled to have the judgment vacated under R.S. 13:1696, (3) he was not in New Jersey at any time during the litigation therefore the judgment is a nullity, and (4) under the provisions of R.S. 13:1674 he is entitled to have interrogatories answered, documents produced, make other discoveries, and to cross-examine witnesses at hearings, all of which he now demands.
After giving the husband time to effect discovery and holding a hearing, the Juvenile Court concluded the New Jersey judgment was properly registered under the Louisiana URESA statute and therefore entitled to enforcement in accordance with the statute. The husband then filed a motion to transfer the case to the Jefferson Parish District Court on the grounds the Juvenile Court did not have jurisdiction since no minor was involved. Also, since the answers to the husband’s interrogatories admit the wife retained proceeds from the sale of jointly owned properties over and above that portion of the proceeds she contends were used to pay joint debts, he alternatively reconvened for credit against any support owed due to the wife’s retention of proceeds from the sale of jointly owned properties and punitive damages. The Juvenile Court denied the motion to transfer. Further, based on a finding that strict enforcement of the New Jersey judgment would not be equitable, the court modified the support amount to $350.00 and provided for payment of the arrearage at the rate of $25.00 per month. It further informed the husband his remedy, if he had any, for the retained proceeds from the sale of property was to be sought in the initiating state, i.e., New Jersey.
On appeal, counsel’s contention as to the lack of jurisdiction in the Juvenile Court is grounded on the premise that the support order pertains only to an adult and that the reconventional demand converts the suit to one for partition between adults. Based on this, he argues the enforcement of the support (alimony) order is not encompassed within URESA, therefore, the Juvenile Court lacks jurisdiction to enforce it and the case should have been transferred to the district court. We do not agree.
R.S. 13:1641 provides as follows: “The purposes of this Part are to improve and extend by reciprocal legislation the enforcement of duties of support.” The clear un *1163 ambiguous reading of this section does not limit enforcement to “child” support only, but encompasses other duties of support, such as alimony. For instance “duty of support” is defined in LSA-R.S. 13:1642 as follows:
(b) “ ‘Duty of support ’ means a duty of support, whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce ... and includes the duty to pay arrear-ages of support past due and unpaid.” (Emphasis supplied)
Moreover, LSA-R.S. 13:1642(o) defines a support order as a judgment in favor of an obligee and LSA-R.S. 13:1642(g) defines obligee as a person to whom a duty to support is owed.
The same question raised by the husband here was raised in Gambino v. Gambino, 396 So.2d 434 (La.App. 4th Cir.1981). There, at pages 436-37 the Fourth Circuit responded to the question as follows:
“The Louisiana Constitution of 1974 provides in Article V, Section 18 that the Juvenile and Family Courts have jurisdiction as provided by law. The Revised Uniform Reciprocal Enforcement of Support Act (1968), La.R.S. 13:1641, et seq., specifically provides that jurisdiction over URESA proceedings is vested in the juvenile courts. La.R.S. 13:1664. Venue provisions declare that the petition may be filed in the parish where the defendant resides. La.R.S. 13:1673(B). These jurisdictional details were carried over into the Louisiana Code of Juvenile Procedure which became effective on January 1, 1979 which declares that exclusive original jurisdiction over URESA support actions is vested in courts exercising juvenile jurisdiction. La.Code of Juv.Proc. Art. 16(A)(4). We conclude that under either La.R.S. 13:1664 or the La.Code of Juvenile Procedure, the Juvenile Court of Jefferson Parish had exclusive jurisdiction over this action for support.”
Considering the above, we hold that URESA encompasses actions for support for adults (alimony) as well as those for support of minor children and under LSA-R.S. 13:1664[2] the Juvenile Court has exclusive jurisdiction of a URESA action.
We next consider the husband’s contention that to extend URESA to include enforcement of a support (alimony) order for-an adult would render the act unconstitutional as a violation of the former husband’s constitutional rights. Although counsel for the husband makes no effort in his brief to show what rights were violated and how the so-called expansion of the act causes a violation of his rights, it appears his contention is predicated on the fact he was not present in New Jersey for the divorce and attendant litigation, thus he was deprived of his constitutional rights to “due process” and “equal protection" under the U.S. Constitution.
In Gambino, supra, at 437, the court addressed a similar constitutional challenge and said:
“The civil enforcement provisions of URESA have been challenged as unconstitutional elsewhere and here, unsuccessfully. Missouri and Tennessee courts have held that URESA does not violate due process requirements. Ivey v. Ayers, 301 S.W.2d 790 (Mo.1957) and Sinclair v. Sinclair, 196 Tenn. 538, 268 S.W.2d 573 (1954). California courts have held that URESA does not deny equal protection of law. Harmon v. Harmon, 160 Cal.App.2d 47, 324 P.2d 901 cert. denied, 358 U.S. 881, 79 S.Ct. 120, 3 L.Ed.2d 110 (1958) and Smith v. Smith, 125 Cal.App.2d 154, 270 P.2d 613 (1954). In Pennsylvania and Louisiana URESA survived arguments that it unconstitutionally denied a right to confrontation. Commonwealth of Pa. v. Shaffer, 175 Pa.Super. 100, 103 A.2d 430 (1954); Freeman v. Freeman, 226 La. 410, 76 So.2d 414 (1954).”
*1164 Here there were several hearings in the Juvenile Court. Also, the husband received answers to his written interrogatories submitted to his former wife. Thus, the husband cannot complain specifically that he was denied access to certain material, nor that due process was denied him with regard to the actions which have taken place in Louisiana.
Moreover, the Juvenile Court correctly did not give the certified judgment of the New Jersey court Full Faith and Credit[3] and, in a procedure permitted by the statute, properly modified the support amount awarded by the New Jersey court.
Insofar as equal protection is concerned, the former husband is obligated to provide the same support for his wife that any other Louisiana husband owes his wife. See Gambino, supra, at page 438.
Thus, the former husband has not shown and we know of no reason why or how the bringing of this action under the aegis of URESA impaired or diminished the former husband’s rights or increased or added anything to his duty to support his wife; nor is there any evidence of an unequal or discriminatory treatment either provided by law or produced or condoned by the trial court or the initiating court.
The record shows the defendant had filed a so-called “reconventional demand” or offset for retained sale proceeds of jointly owned assets sold by the wife. The answer to interrogatories filed by the wife admits such sales and retention of proceeds by the wife of monies belonging to the husband. However, except for the contention that the demand required a transfer of the case from the Juvenile Court to the District Court, in brief counsel raises no issues or errors as to the offset of such proceeds nor as to the modified amount of support.
Accordingly, we affirm the judgment of the trial court and cast defendant for costs.
AFFIRMED.

. Found in LSA-R.S. 13:1641 et seq.

. LSA-R.S. 13:1664 provides:
"Jurisdiction of any proceeding under this Part is vested in the juvenile court.”

. Under Article IV, Sec. 1 of the Constitution of the United States.