1CANNELLA Judge.
Defendant, Louis J. Parham, appeals from a judgment of paternity. We affirm.
A suit for child support was initiated under the Uniform Reciprocal Enforcement of Support Act (URESA), La.R.S. 13:1641, et seq.[1] by the Jefferson Parish District Attorney’s Office. The suit, filed in March, 1991, was instituted on behalf of Penni Connor and her two illegitimate minor children, Juston and Jason Parham, all residents of Georgia. The initiating documents included affidavits by the mother asserting her monogamous sexual relationship with defendant from 1977 through 1979 at the time of conception and birth of both children, defendant’s acknowl-edgement that the children were his, his relationship with them, his presence at their births and his payment of the medical bills. She asserted in the affidavits that the children resemble him and that he claimed the children on his tax returns from 1977 through 1980.
Defendant answered by denying that he was the father and requesting an ^adjudication of paternity. The state requested blood tests and all parties were tested. On April 20 and 21, 1992 defendant filed a motion to contest the blood test reports and peremptory exceptions of no right and no cause of action.[2] On September 27, 1993, the juvenile court heard the merits of the paternity matter and rendered a judgment finding defendant to be the father of the two children.
On appeal, defendant presents two errors, both of which assert that the juvenile judge erred in finding that the state proved its case based solely on the affidavits, birth certificates and blood tests, without requiring the live testimony of the mother. Defendant argues that social policy should not be allowed to ignore the basic laws affording him the opportunity to cross-examine his accuser. He asserts that without the mother’s live testimony, the states of Louisiana and Georgia could not have carried their burden of proof. Defendant quotes a lengthy article in Vol. 73 of the Kentucky Law Journal, page 75 entitled “The Uniform Reciprocal Enforcement of Support Act and the Defense of Non-Paternity: A Functional Analysis”. The cited portions discuss the problems inherent in interstate determinations of paternity.
The state responds by contending that the evidentiary requirements were met under URESA. The state points out that the purpose of URESA is to save the support-seeking parent from chasing the obligor across the country.
*993 Under URESA, the responding court is required to adjudicate paternity and require blood tests of the father if the defense of lack of paternity does not appear to be frivolous. La.R.S. 13:1681 (Ch.C art. 1329). The URESA provisions do not violate any procedural or substantive right of due process, equal protection or right to confrontation of witnesses in a civil proceeding. Gambino v. Gambino, 396 So.2d 434, 437 (La.App. 4th Cir.1981). However, the rules of evidence apply to any hearing for the civil enforcement of URESA. La.R.S. 13:1677 (Ch.C art. 1325A).
The affidavits submitted by the state to prove the relationship of the parties are |3inadmissable hearsay under the Louisiana Rules of Evidence since they do not fall within one of the hearsay exceptions, nor are they admissible by statute. Neither URESA nor the Code of Civil Procedure provides for proof of paternity to be shown by affidavit. However, URESA does provide that if the obligee is not present at the hearing and the obligor denies owing a duty of support, the obligor is entitled to take the deposition of the obligee. La.R.S. 13:1674 (Ch.C. art. 1322). Depositions taken of witnesses or parties outside the state may be used by any party for any purpose. La.C.C.P. art. 1450A(3)(b).
In this case, the juvenile judge asked defendant what he wanted her to do. She also offered to continue the case to allow him to go to Georgia to depose the mother. Defendant’s response was that he did not believe a deposition would cure the problem of not having the mother’s live testimony. Thus, he rejected his opportunity to cross-examine the witness, about which he now complains. Since defendant refused the option granted to him by URESA, we find that he waived the objection to introduction of the affidavits. Consequently, we find that the trial judge did not err in considering the affidavits.
In regard to the other documents, the birth certificates are admissible under C.E. art. 803(9)[3] as exceptions to the hearsay rule. Furthermore, the blood test results were admissible as prima facia proof of its contents under La.R.S. 9:397.3(B),[4] as the chain of custody was established under La. R.S. 9:397.2[5] and l ¿defendant failed to summon and examine those making the report as witnesses under cross-examination. See: La.R.S. 9:397.3(B). In the latter respect, the state introduced the affidavit of chain of custody with the verified documentation along with the expert’s report in conformity with La.R.S. 9:397.2.
In order to prove filiation when the child is not entitled to legitimate filiation, nor is fili-ated by initiative of the parent by legitimation or acknowledgment under La.C.C. art 203, the child must prove filiation to an alleged living parent by a preponderance of the evidence. La.C.C. art. 209.
The evidence is this case was not rebutted by defendant, who did not take the stand, call *994 the blood test examiners for cross-examination or take the deposition of the mother. The affidavits stated that defendant lived with the mother from 1974 to 1979, that she had a monogamous sexual relationship with defendant during that period and that the children were conceived and born during that period, as evidenced by the birth certificates. She stated that defendant was at the hospital and in the delivery room for each birth and agreed to have his name placed on the birth certificates. She contended that defendant treated the children as his own, has since visited the children and spoken to them on the telephone. She also provided photographs and claimed the children resemble defendant.
The blood tests show a genetic 99.79% probability of paternity for Jason and a 99.-25% probability of paternity for Juston. The birth certificates list defendant as the father of both children.
After reviewing the record, we find that the state proved the filiation of defendant by a preponderance of the evidence. Thus, the juvenile judge did not commit manifest error in determining that defendant is the father of the children.
¡^Accordingly, the judgment of the juvenile court is hereby affirmed. Defendant is ordered to pay costs of appeal.

AFFIRMED.

. As of June 1993, these provisions are found in the Children's Code arts. 1301 et seq.

. Defendant designated the record on appeal. The record does not reflect the judgments on the motion and exceptions.

. C.E. Art. 803. Hearsay exceptions; availability of declarant immaterial
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(9) Records of vital statistics. Records or data compilations, in any form, of birth, legitimation, adoption, or death, including fetal death, still birth, and abortion, or of marital status, including divorce and annulment, if the report thereof was made to a public office pursuant to requirements of law, and any record included within the Louisiana Vital Statistics Laws.

. La.R.S. 9:397.3(B) provides:
§ 397.3. Admissibility and effect of test results.
(B). If the court finds there has been a procedural error in the administration of the tests, the court shall order an additional test made by the same laboratory or expert. If there is no timely challenge to the testing procedure or if the court finds there has been no procedural error in the testing procedure, the certified report shall be admitted in evidence at trial as prima facie proof of its contents, provided that the party against whom the report is sought to be used may summon and examine those making the original of the report as witnesses under cross-examination.

.La.R.S. 9:397.2 states:
§ 397.2 Chain of custody of blood or tissue samples
The chain of custody of blood or tissue samples taken under this Part may be established by affidavit if verified documentation of the chain of custody is submitted with the expert’s report and if such documentation was made at or near the time of the chain of custody and was made in the course of regularly conducted business activity.